**Mrs. Peggy Ann BENNETT, Guardian, Appellant,**

v.

**PALMERS CLOTHIERS, Appellee.**

No. 7224.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 6, 1960.

Joe McCasland, Jefferson, Woodrow H. Edwards, Mt. Vernon, for appellant.

Austin C. Hatchell, Longview, for appellee.

DAVIS, Justice.

The appellee, Palmers Clothiers, filed suit against appellant, Peggy Ann Bennett, Guardian of the person and estate of T. J. Bennett, Jr., N.C.M., and sought judgment in the County Court of Gregg County, Texas, for the sum of $423.75, plus $100 attorney fees. The appellant, Mrs. Bennett, filed her plea of privilege to be sued in Marion County, Texas, the County of her residence, and the county in which she was appointed Guardian of T. J. Bennett, Jr. Appellee filed its controverting plea, setting up subdivisions 5 and 7 of Article 1995, V.A.C.S., as justifying retention of the suit in Gregg County.

Upon a hearing on the plea, the County Judge overruled the plea of privilege and appellant has appealed. She brings forward three points of error in which she complains of the action of the trial court because neither subdivisions 5 nor 7 of

Art. 1995, V.A.C.S., are applicable, and that there was insufficient pleadings and no record evidence to support the judgment of the county court.

At the time of the trial in the County Court, the appellee offered in evidence a Credit Application signed by the ward, T. J. Bennett, Jr. The application is dated November 3, 1958. In this application it is shown that he was married, that his income was $220 a month, that he was retired from the Navy with full disability, the bank account was in his wife's name, and that his "wife is appointed Guardian." When the suit was filed, T. J. Bennett, Jr., was not mentioned as defendant. The suit was against Mrs. Peggy Ann Bennett, Guardian. The appellee bases its suit upon the sole proposition that the ward can bind his guardian in such a way so as to change the venue statute as against his guardian. Bear in mind, that the ward in the Credit Application promised to settle the account in Longview, Texas. Even at that, such theory is not the law. Subdivision 6 of Art. 1995 V.A.C.S. reads as follows:

> "Executors, administrators, etc.—If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, the suit may be brought in the county in which such estate is administered."

This would give the appellee the authority to file suit in the county of the residence of the guardian, or in the county in which the guardianship proceedings is pending. In this case, however, the guardian lives in Marion County, the county in which the guardianship is pending. There can be no contention that they did not know about the guardian because they sued her as such. Under the decisions as cited in notes 171 to 174, Art. 1995, V.A.C.S., will support our holding. Also, see McDonalds Texas Civil Practice, Sec. 4.12 and the authorities cited therein.

In Clark, "Venue in Civil Actions in Texas", pages 48–50, is a discussion of the right to sue executors, administrators, etc., in the county in which the administration or guardianship is pending, and the proof necessary to sustain venue. In the pocket parts is cited the case of Anderson v. Huie et al., Tex.Civ.App., 266 S.W.2d 410, n. w. h., relative to the proof necessary to establish venue. This was a case filed in Dallas County where an executorship had been pending but had been closed. The executrix actually lived in Cherokee County. The plea of privilege was granted, and the Court of Civil Appeals affirmed the judgment.

The points of error are sustained and the judgment of the trial court is reversed, and judgment is here rendered sustaining the plea of privilege.