Jacob **STANDS**, Appellant,

v.

Herman **CROCKER**, Appellee.

No. 6944.

Court of Civil Appeals of Texas.

Beaumont.

April 4, 1968.

Ernest L. Sample, Beaumont, for appellant.

Beck & Beck, Beaumont, for appellee.

STEPHENSON, Justice.

This is an appeal from an order overruling a plea of privilege. Hearing was before the court, and no findings of fact or conclusions of law were requested or made. The parties will be designated here as they were in the trial court.

Plaintiff, Herman Crocker, brought this suit against Jacob Stands, individually, and as Independent Executor of the Estate of Carroll A. Horn, deceased, to recover the balance due as premium owed on certain policies of insurance.

The evidence heard on the hearing showed that Carroll A. Horn had been operating the Horn Furniture Company in Beaumont, Texas, at the time of his death, May 14, 1964. Jacob Stands qualified as Independent Executor of this estate June 2, 1964 in the County Court of Jefferson County, Texas. The evidence also shows that plaintiff, Herman Crocker, was operating a general insurance agency in Beaumont, Texas, at all times material to this cause of action. He had written policies of insurance for the Horn Furniture Company which were in force at the date of Carroll Horn's death, and which were renewed and rewritten after such date.

Defendant filed a plea of privilege asking the case be transferred to Harris County, the county of his residence. Plaintiff relied upon Subdivisions 4, 6, and 29a of Article 1995 in his controverting affidavit.

It is first contended plaintiff failed to prove the Estate of Carroll A. Horn was being "administered" within the meaning of Subdivision 6 of Article 1995 V.A.C.S., such provision reading as follows:

"Executors, administrators, etc.—If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, the suit may be brought in the county in which such estate is administered."

Defendant cites Anderson v. Huie, Tex. Civ.App., 266 S.W.2d 410 as supporting his position. We quote from this case as follows:

"But we think plaintiff has failed to meet the requirements as to the quantum of proof necessary to support 'venue fact' No. (2). He has failed to discharge the burden that was on him to prove that the estate was still being administered at the time suit was filed on April 25, 1953. Subdivision 6 of the venue statute uses the present tense: ' * * * suit may be brought in the county in which such estate *is administered.*' (Emphasis supplied.) Defendant claims that the estate was no longer under administration. Though the record is not entirely clear on the point, the evidence tends to show that the assets of the estate had been distributed and the estate as such had been closed."

Plaintiff served defendant with certain requests for admissions. Part of these were as follows:

1.

"The County Court of Jefferson County, Texas, appointed Jacob Stands Independent Executor of the Estate of Carroll A. Horn, Deceased, in its proceeding no. 23565 on the 2nd day of June, 1964."

2.

"The County Court of Jefferson County, Texas, has not revoked its appointment of Jacob Stands as such Independent Executor."

3.

"The death of Carroll A. Horn occurred when he was domiciled in and a resident of Jefferson County, Texas."

12.

"The administration of the Estate of Carroll A. Horn has not been completed."

17.

"No affidavit has been filed by Jacob Stands pursuant to Section 151 of the Texas Probate Code closing the administration of the Estate of Carroll A. Horn."

18.

"The Estate of Carroll A. Horn is indebted to Herman Crocker for insurance premiums."

None of these requests were denied. Number 16 and defendant's reply were as follows:

16.

"Some of the assets of the Estate of Carroll A. Horn have been transferred to a beneficiary thereof."

"In response to request No. 16, Defendant says that no such transfer has occurred except for a widow's allowance."

This evidence supports the implied finding by the trial court that this estate was being "administered." The point is overruled.

■ Defendant next contends there was no evidence to support an implied finding by the trial court that venue could be retained under Subdivision 4, of Article 1995 V.A.C.S. This subdivision provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The record in this case reveals no evidence that the defendant resides in Jefferson County, either individually or as independent executor. The

fact that this action could be brought against the estate in Jefferson County under Subdivision 6, of Article 1995 V.A.C.S. does not give the court venue as against the defendant individually under Subdivision 4. This point is sustained.

■ Defendant also contends there was no evidence to support an implied finding by the court that venue could be maintained under Subdivision 29a of Article 1995 V.A.C.S. This subdivision provides that if the suit can be maintained in the county against any of the defendants, that it can be maintained against any and all necessary parties. This action is maintainable against the defendant in his capacity as independent executor, so the only question remaining is whether the defendant individually is a necessary party. Under this subdivision, the plaintiff had the burden of both alleging and proving that the defendant individually was a necessary party. Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758. It is also stated in such case that subdivision 29a was enacted for the benefit of a plaintiff to enable him to obtain full relief in the suit, and that every person whose joinder is necessary to afford plaintiff the full relief he is entitled to is a necessary party. The following is also stated in this Supreme Court decision:

"Where the plaintiff, if he recovers, will be entitled to a joint judgment against two defendants and the suit is maintainable where brought as to one of the defendants under another subdivision of Art. 1995, the other defendant is a necessary party within the meaning of Subdivision 29a."

The plaintiff in this case alleged a joint cause of action against the defendant individually and in his capacity as independent executor. The evidence heard on the plea of privilege supported these allegations. The point of error is overruled.

Affirmed.