### RICHARD PETERSON V. JOHN L. FOWLER ET AL.

#### No. 6046.

1. **Partition—Jurisdiction.**—One or more of several defendant tenants in common must reside in the county in which a suit to partition land is brought in order to give the court jurisdiction, if the land be situated in other counties, though such residence will not confer jurisdiction to partition an entire estate, consisting of several tracts of land, if the defendant residing at the venue of the suit has transferred his interest as joint tenant in one tract to a non-resident purchaser.

2. **Tenant in Common.**—A tenant in common may sell and convey his interest in one of several tracts of land owned in common, and the purchaser would become a tenant in common with the other cotenants to the extent of the estate conveyed.

3. **Partition—Jurisdiction.**—When in a suit for partition the proportionate interest in lands claimed by a tenant in common is controverted by the pleadings, the suit becomes in effect an action of trespass to try title to the extent of the conflicting claim, and the jurisdiction must be determined by the statute governing suits of that character.

APPEAL from Lamar. Tried below before Hon. D. H. Scott.

The opinion states the case.

*J. G. Dudley,* for appellant. — 1. In partition suits all the cotenants must be made parties, and any purchaser under one of them should be made a party so that the rights of all parties having an interest in the common estate may be adjudicated and settled in the same suit. Arnold v. Cauble, 49 Texas, 527; Freem. on Coten. and Part., secs. 425, 463.

2. One cotenant can not convey an interest in a particular part of the common estate to the prejudice of his cotenant to have partition of the whole estate, as each cotenant is seized of the whole and of every part of it (*per my et per tout*). McKey v. Welch, 22 Texas, 390; Dorn v. Dunham, 24 Texas, 366; Stuart v. Baker, 17 Texas, 417; Arnold v. Cauble, *supra;* Stark v. Barrett, 15 Cal., 368; Adams v. Brig Iron Co., 7 Cush., 369; Sutter v. San Francisco, 36 Cal., 115; Wash. on Real Prop., 428; Peabody v. Minot, 24 Pick., 333; Thompson v. Barber, 12 N. H., 565; Freem. on Coten. and Part., secs. 196–206.

3. Fowler would not be permitted by his conveyance of an interest in one tract of the common estate to break the cotenancy so as to require a separate suit for the partition of that particular tract, for the reason that his cotenant Peterson is entitled on partition to have his aliquot part of the entire estate held by them in common set apart and assigned to him. Freem. on Coten. and Part., sec. 465, and authorities there cited.

4. Unless the primary object of this suit was to recover the land it was not an action of trespass to try title, and the fact that Lytle and McDaniel claimed a greater interest in the Frio County lands than plaintiff admitted in his pleading they owned would not make it an action of trespass to try title. Arnold v. Cauble, 49 Texas, *supra;* Stark v. Bar-

rett, 15 Cal., *supra;* Battle v. John, 49 Texas, 202; Wash. on Real Prop., secs. 428-9, p. 581; Freem. on Coten. and Part., sec. 508.

5.   A suit for partition may be brought in any county where one or more of the defendants reside.   Rev. Stats., art. 2198; Carro v. Carro, 60 Texas, 395; Osborn v. Osborn, 62 Texas, 495.

*Burdett & Connor*, for appellees.—1.   All cotenants, joint tenants, or tenants in common of each separate and distinct freehold must be made parties to a suit for the partition of such freehold, but only those who are cotenants, joint tenants, or tenants in common at the institution of the suit are either necessary or proper parties to such suit, and no other person is a proper party to the suit for the partition of such freehold by reason of the fact that he is a cotenant, joint tenant, or tenant in common in a different freehold with some only of his cotenants in said first mentioned freehold, and especially is this the case when the different freeholds are in different jurisdictions.   40 Texas, 400; 31 Texas, 448; 7 Texas, 173; 21 Texas, 363; 27 Texas, 317; Freem. on Coten. and Part., secs. 194, 201, 204, 208, 213, 459; Brownell v. Bradley, 16 Vt., 105; Butler v. Roys, 25 Mich., 53.

2.   Each cotenant may convey his isterest in any separate and distinct freehold at pleasure without the consent or knowledge of either of his companions in interest.   This is true of every species of cotenancy.   In the case of tenants in common the grantee is substituted as a tenant in common to all the rights of his grantor.

3.   John L. Fowler having an interest in the land in Frio County had the right to assign the same to another without the knowledge or consent of his cotenant Peterson, and his grantee then became entitled to a partition of that particular tract (or estate) without reference to whether Peterson was the cotenant of Fowler in other tracts (or estates).   Having parted with his entire interest in it we submit that he was not a proper party to any suit or a partition of that tract.   Freem. on Coten. and Part., secs. 194, 201, 204, 208, 213, 437, 459; Brownell v. Bradley, 42 Am. Dec., p. 198; Butler v. Roys, 12 Am. Rep., 218.

4.   If the pleadings in any suit show that there is a contest between the parties plaintiff and defendant as to what title or interest each owns in any land, then such suit is in the very nature of things "a suit for the recovery of land," and such suit "must be brought in the county in which the land or a part thereof may lie."   Rev. Stats., art. 1198, subd. 13; Freem. on Coten. and Part., sec. 502.

5.   "A suit for partition may be brought in any county where one or more of the defendants reside," but if the petition for partition shows the fact that the only defendant who is alleged therein to reside in the county where the suit is instituted has parted with all his interest in the subject matter of suit before the institution of the suit, then he is not a proper·

party to the suit, and the suit must be brought either in the county where the land lies or where one or more of the persons defendant who own an interest in the land at the insitution of the suit may reside. Rev. Stats., art., 1198, subd. 12; Butler v. Roys, 12 Am. Rep., p. 218, and authorities cited.

ACKER, PRESIDING JUDGE.—Richard Peterson brought this suit in the District Court of Lamar County, on December 15, 1885, against J. L. Fowler, Mary Hanahan, and appellees Lytle and McDaniel, and alleged that plaintiff and defendant Fowler resided in Lamar County, that Mary Hanahan resided in Uvalde County, and that Lytle and Mc-Daniel resided in Frio County; that on the 1st day of August, 1868, John H. Fowler conveyed to plaintiff and defendant J. L. Fowler, as tenants in common, a tract of land in Frio County consisting of 4605 acres, and an undivided half interest in a tract of land in Uvalde County consisting of 4605 acres, Hanahan being owner of the other half interest (describing the lands); that by said conveyance plaintiff and defendant Fowler each acquired title to an undivided half interest in the land in Frio County, and an undivided one-fourth interest in the land in Uvalde County; that on August 20, 1883, the defendant Fowler executed his warranty deed to the defendants Lytle and McDonald for a two-thirds undivided interest in the land in Frio County; that said deed did in fact convey to Lytle and McDaniel defendant Fowler's interest in said land, which was only an undivided half interest. Prayer for partition as the interests are set out in the petition. The defendants Lytle and McDaniel demurred to the petition upon the grounds:

1. That it appears therefrom that the lands sought to be partitioned are not situated in Lamar County, and also that none of the alleged part owners with plaintiff of the land in Frio County reside in Lamar County.

2. That they are improperly joined with defendants Hanahan and Fowler, because it appears from the petition that neither of said defendants owns any interest in the land which plaintiff seeks to have partitioned between himself and these defendants.

3. Because it appears from the petition that this is an action of trespass to try title to a part of the land in Frio County and should have been brought in that county.

4. Because the petition is multifarious in including two separate and distinct causes of action against different defendants in this suit.

The demurrers were sustained and the suit dismissed as to Lytle and McDaniel, from which judgment this appeal is prosecuted.

Under proper assignments of error it is contended that the judgment is erroneous for the following reasons:

1. Because the two tracts of land, one in Uvalde County and the other in Frio County, constituted but one common estate, and in a suit

by one tenant in common to partition the estate all other tenants in common are necessary parties.

2. Because this is simply a suit for partition as to both tracts of land and not an action of trespass to try title to any part of it. The distinctions which existed at common law between estates held by joint tenants, coparceners, and tenants in common do not obtain in this State. The holders of such estates are tenants in common without regard to the manner in which such estates are acquired. Rev. Stats., art. 1655; Ross v. Armstrong, 25 Texas Supp., 366.

Appellant and Fowler were tenants in common in both tracts of land, and when Fowler conveyed his interest in the land in Frio County to appellees they became tenants in common with appellant and the other defendants had no interest whatever in that tract. They were not necessary or even proper parties to a suit to partition that tract, without which the court of Lamar County did not have jurisdiction to decree partition. The land being situated in Frio County, to give the court of Lamar County jurisdiction one or more of the defendant tenants in common must have resided in that county where the suit was brought. Rev. Stats., art. 1198, subdiv. 12.

The common estate consisting of two separate freeholds, we think either tenant in common had the right to sell and convey his interest in either or both of them, and his vendees would thereupon become the tenants in common with the vendor's tenants in common to the extent of the estate conveyed. Freem. on Coten. and Part., secs. 194, 437; Butler v. Roys, 25 Mich., 54.

It appears from the petition that appellees were claiming two-thirds interest in the land in Frio County, while appellant admitted their title to only one-half. We think that to the extent of the difference between one-half and two-thirds the suit was necessarily an action of trespass to try title, and the District Court of Lamar County did not have jurisdiction.

We think the judgment of the court below is correct and should be affirmed.

*Affirmed.*

Adopted April 16, 1889.

Associate Justice Gaines did not sit in this case.