**Ed YOUNG, Appellant,**

v.

**MARLIN NATIONAL BANK, Appellee.**

No. 4927.

Court of Civil Appeals of Texas, Waco.

Sept. 24, 1970.

Rehearing Denied Oct. 15, 1970.

Robert G. Carter, Marlin, for appellant.

Thomas B. Bartlett, Jr., Marlin, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal from a take nothing judgment by plaintiff Young, Administrator of the Estate of Tom Kessee, deceased,

in a suit against defendant bank, for funds deceased had on deposit at the time of his death.

Plaintiff Young, Administrator of the Estate of Tom Kessee, deceased, brought this suit against defendant Marlin National Bank to recover $1650. which deceased had on deposit at the time of his death. The bank plead it had paid $815. of such funds to James and Walter Kessee who had been adjudicated sole heirs of the deceased by the County Court of Falls County; made James and Walter Kessee parties; and prayed for judgment against them for any amount plaintiff might recover.

After this cause was filed defendant bank delivered the balance of deceased account ($854.61 which included interest), to the County Clerk of Falls County, with a Bill of Interpleader stating the heirs and administrator both claimed such funds, and praying the County Court determine the rights of the claimants.

Trial was to the Court, which held, delivery by the bank of the $815. to James and Walter Kessee, and the payment of the balance to the County Clerk, relieved the bank of all liability to the administrator; and entered judgment that plaintiff Administrator take nothing.

Plaintiff appeals on one point: "The court erred in holding that the bank was relieved of any responsibility to deliver the bank account of Tom Kessee to the Administrator of his Estate because the bank had delivered $815. of the account to his heirs and the balance of the account to the County Clerk."

We sustain the point and reverse the judgment.

Section 74 of the Probate Code, V.A. T.S., provides letters of Administration may be issued within four years after the death of an intestate; and Section 37 provides that upon the issuance of letters, the "administrator shall have the right to possession of the estate as it existed at the death of the * * * intestate." See: Adams v. Bankers Life Co., Com.App., 36 S.W.2d 182; Freeman v. Banks, Tex.Civ. App., Er. Ref., 91 S.W.2d 1078; Atlantic Ins. Co. v. Fulfs, Tex.Civ.App., NRE, 417 S.W.2d 302; Morris v. Ratliff, CCA NRE, 291 S.W.2d 418.

■ Upon death of a depositor, a bank becomes indebted to the depositor's estate in the amount of the deposit. The bank is bound to see that payment is made to the duly appointed legal representative of the deceased depositor, and payment to any other person is at the peril of the bank. 9 C.J.S. § 1004, pp. 1427, 1428; 10 Am.Jur. 2d Sec. 537, p. 513.

■ The order of the County Court declaring Tom and Walter Kessee the heirs of deceased was pursuant to Chapter III of the Probate Code "Determination of Heirship", did nothing but declare heirship, and cannot relieve the bank of its liability to the Administrator.

■ The bank's delivery of the balance of deceased deposit to the County Clerk with bill of interpleader likewise cannot relieve the bank of its liability to the Administrator.[1]

The cause is remanded with instructions to the trial court to enter judgment for plaintiff Administrator against defendant Bank for $1669.61, and to proceed in the bank's action against the Kessee's.

Reversed and remanded.

1. The County Clerk will undoubtedly return this money to the bank.