Robin Denise Oadra STEGALL, Individu-
ally and as Next Friend of Jeffrey Ste-
gall and Matthew Stegall, and as Suc-
cessor Administratrix of the Estate of
John J. Oadra, Deceased, Petitioner,

v.

Stella A. OADRA, Respondent.

No. D–2476.

Supreme Court of Texas.

June 9, 1993.

Rehearing Overruled Sept. 29, 1993.

1. The front of the account card, labeled "Revoca-
ble Trust," listed John Oadra and Stella Oadra as
the account holders and trustees, followed by a
listing of the beneficiaries. Both John and Stella
signed the front of the account card as trustees
and account holders. The reverse side of the
account card contained the terms and conditions

Paul D. Clote, Mary Ann Faust, Houston,
Stanley M. Johanson, Austin, of counsel, for
petitioner.

Timothy E. McKenna, Houston, for re-
spondent.

**OPINION**

GONZALEZ, Justice.

This case involves questions of multiple-
party trust accounts and the survivorship
rights of trustees. In February of 1984,
John J. Oadra and his mother, Stella A.
Oadra, opened a trust account at Mainland
Savings Association in the amount of $506,-
777.27. The Account, which created a revo-
cable trust, was signed by both John Oadra
and Stella Oadra as trustees, but only Mrs.
Oadra signed as grantor. The named benefi-
ciaries were John, his two children Michael
Oadra and Robin Oadra Stegall, and his two
grandchildren Matthew and Jeffrey Stegall.[1]
It is undisputed that the money was earned
and originally owned by John Oadra at the
time the Account was opened.

Two months after the Account was opened,
John was murdered. In his last will and
testament he left his entire estate to his
children, Michael and Robin. Shortly after
John's death, his mother removed the bal-
ance of the funds, approximately $408,000.00
from the Account and placed them in an
account under her name. On May 2, 1985,
Michael Oadra, the administrator of the es-
tate of John Oadra, filed a Motion for Pro-
duction and Determination of Ownership of
Accounts in probate court in order to recover
the funds taken from the Account.[2] On May
15, Mrs. Oadra filed a declaratory judgment
action in district court seeking a declaration
of ownership of the Account funds against
the estate and the devises under the will,

of the trust and a signature line for the grant-
or(s). Only Stella signed as grantor.

2. Robin Stegall subsequently replaced Michael as
administrator of the estate. Michael is not a
party to this appeal.

Michael and Robin. This action was eventually consolidated with the probate proceeding and tried in probate court.

The trial was to a jury which found, among other things, that John did not make an intervivos gift of the funds to his mother and that Mrs. Oadra was not a grantor of the Account. Based on the jury findings, the trial court awarded 25% of the funds to Mrs. Oadra, 25% to John Oadra's daughter, Robin Stegall, and 25% each to Mrs. Stegall's children, Jeffrey and Matthew Stegall. On appeal by Mrs. Oadra, the court of appeals, sitting *en banc*, with two justices dissenting, reversed the judgment of the trial court and rendered judgment in favor of Mrs. Oadra and awarded her $65,000 in attorney fees. 828 S.W.2d 460. The court of appeals held that upon the death of John Oadra, Mrs. Oadra, as the remaining trustee, became the beneficial owner of the funds in the Account under section 439(c) of the Texas Probate Code.

In a dissenting opinion, Chief Justice Brown, joined by Justice Sears, asserted that the court of appeals' holding created a right of survivorship among joint trustees in violation of section 439(a) of the Code and this Court's opinion in *Stauffer v. Henderson*, 801 S.W.2d 858 (Tex.1990), and that ownership of the funds should have passed through John's estate to his beneficiaries under section 439(d). We agree with the dissent that ownership of the Account funds vested in the beneficiaries of John Oadra's estate and, accordingly, reverse the judgment of the court of appeals and remand this cause to that court for disposition of Mrs. Oadra's unaddressed points of error.

Chapter XI of the Texas Probate Code, which includes sections 436 through 450, provides for non-testamentary transfers of multiple-party accounts.[3] By definition the three types of accounts governed by this section are joint accounts, P.O.D. accounts, and trust accounts. TEX.PROB.CODE § 436(5). It is undisputed that the Account at issue was a trust account governed by Chapter XI.

Section 438, titled "Ownership During Lifetime," governs beneficial ownership of trust accounts during the lifetime of the parties to the trust. Subsection (c) of that section provides:

(c) Unless a contrary intent is manifested by the terms of the account or the deposit agreement or there is clear and convincing evidence of an irrevocable trust, a trust

---

**3.** The primary provisions at issue in this case are sections 438(a) and (c) and 439(a), (c), and (d). Section 438 governs beneficial ownership of multiple-party accounts during the lifetime of the parties to the account. Section 439 governs beneficial ownership upon the death of a party to the account. These provisions are as follows:

§ 438. Ownership During Lifetime
(a) A joint account belongs, during the lifetime of all parties, to the parties **in proportion to the net contributions by each to the sums on deposit,** unless there is clear and convincing evidence of a different intent.

\* \* \* \* \* \*

(c) Unless a contrary intent is manifested by the terms of the account or the deposit agreement or there is other clear and convincing evidence of an irrevocable trust, a trust account belongs beneficially to the trustee during his lifetime, and **if two or more parties are named as trustee on the account, during their lifetimes beneficial rights as between them are governed by Subsection (a) of this section. If there is an irrevocable trust, the account belongs beneficially to the beneficiary.**
TEX.PROB.CODE § 438 (emphasis added).
§ 439 Right of Survivorship

(a) Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent if, **by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties. A survivorship agreement will not be inferred from the mere fact that the account is a joint account.**

\* \* \* \* \* \*

(c) If the account is a trust account, **on death of the trustee or the survivor of two or more trustees,** any sums remaining on deposit belong to the person or persons named as beneficiaries, if surviving, or to the survivor of them if one or more die before the trustee, unless there is clear and convincing evidence of a contrary intent. If two or more beneficiaries survive, there is no right of survivorship in event of death of any beneficiary thereafter unless the terms of the account or deposit agreement expressly provide for survivorship between them.
(d) **In other cases,** the death of any party to a multiple-party account has no effect on beneficial ownership of the account other than to **transfer the rights of the decedent as part of his estate.**

account belongs beneficially to the trustee during his lifetime, and **if two or more parties are named as trustee on the account, during their lifetimes beneficial rights as between them are governed by Subsection (a) of this section.** If there is an irrevocable trust, the account belongs beneficially to the beneficiary.

Tex.Prob.Code § 438(c) (emphasis added). Subsection (a) dictates that ownership among the parties is in proportion to the net contributions by each of the sums on deposit in the account. The evidence establishes that John contributed one hundred percent of the funds to the Account and was therefore the beneficial owner of the entire trust. Mrs. Oadra, who contributed no money, had no beneficial interest in the Account. Nevertheless, the court of appeals determined that, upon John's death, beneficial ownership of the funds vested in Mrs. Oadra because she was the remaining trustee. This conclusion was based on the language in section 438(c) which reads, "a trust account belongs beneficially to the trustee during his lifetime." This is an incorrect interpretation of that provision. Section 438(c) merely establishes beneficial ownership during the lifetime of all the parties and does not operate to transfer the ownership interest of a deceased trustee among the remaining trustees. The construction given by the court of appeals would effectively create a right of survivorship among multiple trustees in direct contravention of section 439 of the Probate Code which governs the disposition of ownership interests in funds upon the death of a party to an account.

■ The right of survivorship as an incident of joint ownership was abolished in Texas in 1848 by the Second Legislature with enactment of Article 2580 of the Texas Revised Civil Statutes,[4] and, absent an express

agreement of the parties to the contrary, ownership of joint property descends and passes to a decedent's heirs and devises. See *Smithey v. Shambaugh*, 126 Tex. 396, 88 S.W.2d 475, 476 (1935); *Peterson v. Fowler*, 73 Tex. 524, 11 S.W. 534 (1889); *Chandler v. Kountze*, 130 S.W.2d 327, 329 (Tex.Civ. App.—Galveston 1939, writ ref'd). In 1979, the legislature applied this principle to joint accounts with enactment of Probate Code section 439, which this Court held, in *Stauffer v. Henderson*, 801 S.W.2d 858, 862 (Tex. 1990), provided the exclusive means for creating a right of survivorship in joint accounts, including trust accounts. Thus, upon the death of a party to a multiple-party account, any right of survivorship among the remaining parties to the account must be by application of section 439.

■ Subsection (c) of section 439 applies exclusively to trust accounts.[5] It provides: "[i]f the account is a trust account, on death of the trustee or the survivor of two or more trustees, any sums remaining on deposit belong to the person or persons named as beneficiaries ..." By its plain language, this provision is triggered, and the funds pass to the beneficiaries, only upon the death of the single trustee or the survivor of multiple trustees. Subsection (c) is not implicated because Mrs. Oadra, one of the trustees, is still alive. The court of appeals, however, held that subsection (c) is triggered upon the death of any trustee to the account and therefore governed the facts of this case. The court nevertheless concluded that Mrs. Oadra, and not the beneficiaries, owned the funds by virtue of the fact that she was the remaining trustee.

The court reasoned that, under the provisions of section 438(c), Mrs. Oadra, as the remaining trustee, acquired beneficial owner-

---

Tex.Prob.Code § 439 (emphasis added).

4. Act of March 18, 1848, ch. 103, § 12, 1848 Tex.Gen.Laws 129, 3 H. Gammel, Laws of Texas 129, 132 (1898), *repealed by* Act of Jan. 1, 1956, ch. 55, § 46, 1955 Tex.Gen.Laws 88, 103.
   Article 2580 provided that a decedent's ownership interest *"shall not* survive to the remaining joint tenant or joint tenants, but shall descend to and be vested in the heirs or legal representatives of such deceased joint tenant." The courts, in interpreting this provision, held that, although

expressed in absolute terms, it did not prevent the parties from otherwise entering into contracts that provided for survivorship of the property. See *Chandler v. Kountze*, 130 S.W.2d 327 (Tex.Civ.App.—Galveston 1939, writ ref'd); Blackburn, *Survivorship Accounts—Who Gets What and When?*, 40 Baylor L.Rev. 225 (1988).

5. Subsections (a) & (b) of section 439 apply to joint accounts and P.O.D. accounts, respectively, and consequently do not apply to the present case.

ship and, as a result, the beneficiaries had no present right to payment. It relied on section 436(7) which defines "party" as "a person ... who has a present right, subject to request, to payment from a multiple-party account." Since the beneficiaries had no present right to payment, the court concluded that Mrs. Oadra, as trustee, remained as owner of the funds. This argument fails for two reasons. First, as discussed above, upon the death of John Oadra, section 438(c) did not operate to vest beneficial ownership in Mrs. Oadra. The provisions of section 439, and not 438, determine beneficial ownership upon the death of a party to an account. Second, the term "party" is found nowhere in subsection (c) and is therefore not even applicable. Whether or not the beneficiaries of the account are "parties" within the meaning of section 436(7) has no bearing on beneficial ownership under subsection (c).

The court of appeals' analysis also rests on the legislative history of section 439. The Texas Probate Code was patterned after the Uniform Probate Code. The legislature made certain textual changes to the Uniform Code provisions pertaining to the right of survivorship, which was ultimately enacted as section 439. These changes likewise do not support the court of appeals' decision that Mrs. Oadra owned the Account funds; in fact, they command an opposite result. The legislature, in enacting subsection (c) of section 439, omitted the following from the Uniform Provision: "on the death of one of 2 or more trustees, the rights to any sums remaining on deposit are governed by subsection (a)." Subsection (a) of the Uniform Code, contrary to the Texas provision, created the presumption *in favor of survivorship*, absent evidence to the contrary. Under the uniform provision, Mrs. Oadra, as the surviving trustee of the account, would have owned the Account funds. Under the present Texas statute the contrary result occurs. By delet-

ing this language from subsection (c), and reversing the presumption in subsection (a), the Texas legislature has adhered to its policy against the presumption of survivorship in Texas.

The court of appeals further relied on section 447,[6] reasoning that this section provided that "a trust account may not be paid to any beneficiary unless he furnishes proof that he has survived *all of the trustees*." However, this section merely authorizes the financial institution to honor a request for payment. It does not establish beneficial ownership of the account funds. *See Stauffer*, 801 S.W.2d at 861; Tex.Prob.Code § 448 ("[p]ayment made as provided by Section 444, 445, 446, or 447 of this code discharges the financial institution from all claims for amounts so paid *whether or not the payment is consistent with the beneficial ownership of the account as between parties*."). Section 447 merely provides protection for financial institutions against third parties claiming an interest in the funds, and does not affect beneficial ownership as among the parties to the account.

Since subsection (c) does not apply to the facts of this case, and Mrs. Oadra did not acquire beneficial ownership of the funds, we conclude that subsection (d) of section 439 is implicated. Subsection (d) is a catch-all provision which states, *"[i]n other cases*, the death of any party to a multiple-party account has no effect on beneficial ownership of the account other than to transfer the rights of the decedent as part of his estate." Under this subsection, the death of a party to a multi-party account operates to pass whatever beneficial ownership that party had during his lifetime through his estate. Accordingly, since John Oadra owned all of the funds in the trust account during his lifetime, upon his death that ownership vested in his heirs and devises, namely Michael and Robin Stegall.

---

**6.** Section 447, titled "Payment of Trust Account" provides:

A trust account may be paid, on request, to any trustee. Unless the financial institution has received notice that the beneficiary has a vested interest not dependent upon his surviving the trustee, payment may be made to the personal representative or heirs of a deceased trustee if proof of death is presented to the

financial institution showing that his decedent was the survivor of all other persons named on the account either as trustee or beneficiary. Payment may be made, on request, to the beneficiary upon presentation to the financial institution of proof of death showing that the beneficiary or beneficiaries survived all persons named as trustees.

The court of appeals alternatively held, contrary to express jury findings, that Mrs. Oadra was entitled to the funds in the Account by virtue of the fact she signed as the grantor of the funds.[7] We disagree. It is undisputed that John Oadra contributed all of the funds in the account, and the jury found that he did not make a gift of these funds to Mrs. Oadra. Thus, Mrs. Oadra did not own any of the funds in the account, and consequently, could not be the grantor of funds she did not own.

The court of appeals disregarded these jury findings holding that, as a matter of law, the Account was a trust account and therefore extrinsic evidence of John's intentions with regard to the use or ownership of the funds should have been excluded. Extrinsic evidence of a party's intent used to prove the nature of an account is inadmissible. *See Stauffer*, 801 S.W.2d at 864; *Chopin v. Interfirst Bank Dallas*, 694 S.W.2d 79, 83 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). However, the *nature* of the account is not at issue in this case. The fact that this is a trust account is not disputed. The evidence concerning ownership of the funds at the time the Account was created was not used to prove otherwise but rather used to establish the relative capacity of the parties to the account. The evidence, and consequently the jury questions regarding this issue, were properly submitted.

Mrs. Oadra brings several cross-points in this Court that were not addressed in the court of appeals opinion. Although we have the option to address points not addressed by the court of appeals concerning errors of law, we are without jurisdiction to consider factual sufficiency points. *See Roark v. Allen*, 633 S.W.2d 804, 811 (Tex.1982). Because some of these points involve factual sufficiency challenges, we remand this cause to the court of appeals to address Mrs. Oadra's remaining points of error.

---

7. The pertinent part of the Account agreement states:

(2) This trust may be revoked in whole or in part at any time by a written request signed by the Grantor(s), or either of them if more than one, or withdrawal of funds from the Account(s), in which event the amount requested shall be delivered by Association to the Grantor(s) (or to the survivor in case one of them is deceased).

(3) This Trust shall continue until the death of the Grantor, or both Grantors, if not sooner revoked. At such time, the funds in the Account shall be distributed to the then living Beneficiary(ies) ...