IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-157-CV





DOROTHY MAE DUDDING, INDIVIDUALLY, AND AS INDEPENDENT EXECUTRIX


OF THE ESTATE OF EDNA MAE HENDRICKS,



 APPELLANT


vs.





MARK STANTON,



 APPELLEE



 




FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 22,958, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING



 




PER CURIAM

 The question in this appeal is whether trust-account funds transfer by inheritance
through a decedent's estate or directly by nontestamentary right of survivorship. We will affirm
the trial court's judgment.



 BACKGROUND


 On the date of her death, September 13, 1991, Edna Mae Hendricks held account
number 16-387898-0 with American Federal Bank, F.S.B. (the Bank) titled "Mae E. Hendricks (1)
ITF Mark Stanton." It is undisputed that the account was a trust account. See Tex. Prob. Code
Ann. § 436(14) (West 1980). Appellee Mark Stanton, Hendricks' grandson by a deceased
daughter, is the beneficiary of the trust account. In her will, Hendricks named appellant Dorothy
Mae Dudding, her daughter, as independent executrix. On September 25, 1991, Dudding
withdrew the funds from the trust account in the form of a cashiers' check issued by the Bank. (2) 
Stanton filed suit against Dudding and the Bank seeking: (1) a declaration that account number
16-387898-0 was a trust account and that he was the sole beneficiary of the account entitled to all
sums on deposit in the account on the date of Hendricks' death; (2) return of the withdrawn funds
or, in the alternative, judgment in the amount of $100,526.02; (3) prejudgment interest; and (4)
attorney's fees.

 The Bank answered and filed a petition in interpleader, depositing into the registry
of the court funds in an amount equal to the amount Dudding withdrew from the trust account. 
The trial court ordered the funds deposited into an interest-bearing account, dismissed the Bank
from the lawsuit, released the Bank from all claims asserted by either Stanton or Dudding, (3) and
ordered $750 in attorney's fees paid to the Bank out of the funds placed in the court's registry. 
Dudding answered and filed a counterclaim against Stanton, which she later nonsuited.

 Following discovery by both parties, Stanton filed a motion for summary judgment
with supporting affidavits. As grounds for the motion, Stanton alleged that account number 16-387898-0 was a trust account, that he was the sole beneficiary of the trust account, and that on
the date of Hendricks' death the funds in the trust account passed outside her will and legal title
in the funds vested in him. Dudding filed a response to the motion for summary judgment, but
did not file any opposing affidavits. The trial court granted summary judgment in favor of
Stanton on the grounds urged in his motion. Dudding filed a motion for new trial, which the trial
court denied. Dudding appeals from the trial court's summary judgment.



DISCUSSION


 In a single point of error, Dudding asserts that the trial court erred by granting
Stanton's motion for summary judgment because he is not entitled to judgment as a matter of law
under the Texas Probate Code. The standards for reviewing a motion for summary judgment are
well established. The movant for summary judgment has the burden of showing that no genuine
issue of material fact exists and that it is entitled to judgment as a matter of law. In deciding
whether there is a disputed material fact issue precluding summary judgment, evidence favorable
to the nonmovant will be taken as true. This Court must indulge every reasonable inference in
favor of the nonmovant and resolve any doubts in his favor. Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 Dudding asserts that she had a right to collect the trust-account funds under her
authority as executrix, citing sections 37, 232, and 233 of the Texas Probate Code. See Tex.
Prob. Code Ann. § 37 (West Supp. 1994) (on issuance of letters testamentary the executrix has
right to possession of estate as it existed at death of testatrix and shall recover possession and hold
such estate in trust to be disposed of in accordance with law); & § 232 (West 1980) (personal
representative of estate, immediately after receiving letters, shall collect and take into possession
personal property of estate and all such in his possession shall be delivered to person or persons
legally entitled thereto when administration has been closed or successor has received letters); Act
of Mar. 17, 1955, 54th Leg., R.S., ch. 55, § 233, 1955 Tex. Gen. Laws 88, 158 (Tex. Prob.
Code Ann. § 233, since amended) (personal representative of estate shall use ordinary diligence
to recover all property of estate). (4) Dudding argues that under these provisions of the Code, it was
her absolute right and duty to collect estate property and to use ordinary diligence to recover
possession of the estate and she cites in support of her argument Bloom v. Bear, 706 S.W.2d 146,
147 (Tex. App.--Houston [14th Dist.] 1986, no writ); Atlantic Insurance Co. v. Fulfs, 417 S.W.2d
302, 305 (Tex. Civ. App.--Fort Worth 1967, writ ref'd n.r.e.); and Young v. Marlin Nat'l Bank,
458 S.W.2d 506, 507 (Tex. Civ. App.--Waco 1970, writ ref'd n.r.e.) (executrix's right of
possession requires bank to pay monies to estate's legal representative; payment to any other
person imposes liability on bank). (5)

 The Code provisions Dudding cites relate to testamentary transfers of estate
property. Dudding's right to collect the trust-account funds, however, is subject to the
nontestamentary-transfer provisions found in chapter eleven of the Code. A trust account is a
multiple-party account. Act of May 17, 1979, 66th Leg., R.S., ch. 713, § 31, 1979 Tex. Gen.
Laws 1740, 1756 (Tex. Prob. Code Ann. § 436(5), since amended). Chapter XI of the Code,
which includes sections 436 through 450, provides for nontestamentary transfers of multiple-party
accounts. Stegall v. Oadra, 868 S.W.2d 290, 291 (Tex. 1993). Section 439 (6)
 provides the
exclusive means for creating a right of survivorship in a trust account. Thus, upon the death of
a party to a multiple-party account, any right of survivorship among the remaining parties to the
account must be resolved by application of section 439. Oadra, 868 S.W.2d at 292. Transfers
resulting from application of section 439 are effective by reason of the account contracts executed
pursuant to section 439 and are not to be considered testamentary or subject to the testamentary
provisions of the Code. Tex. Prob. Code Ann. § 441 (West 1980).

 Dudding cites Code section 447 for the proposition that payment of a trust account
may be made to the beneficiary only upon receipt of written notice that the beneficiary has a
vested interest in the funds that was not dependent on his surviving the trustee. Section 447
provides:



A trust account may be paid, on request, to any trustee. Unless the financial
institution has received written notice that the beneficiary has a vested interest not
dependent upon his surviving the trustee, payment may be made to the personal
representative or heirs of a deceased trustee if proof of death is presented to the
financial institution showing that his decedent was the survivor of all other persons
named on the account either as trustee or beneficiary. Payment may be made, on
request, to the beneficiary upon presentation to the financial institution of proof of
death showing that the beneficiary or beneficiaries survived all persons named as
trustees.



Tex. Prob. Code Ann. § 447 (West 1980). Dudding appears to rely on the second sentence in
section 447, which applies when the beneficiary does not survive the trustee. Stanton survived
Hendricks; thus, the second sentence in section 447 is inapplicable. The last sentence of section
447 applies to payment on request to the beneficiary upon presentation to the financial institution
of proof of death showing the beneficiary survived all persons named as trustees. Section 447,
however, merely authorizes the financial institution to honor a request for payment; it does not
establish beneficial ownership of the account funds. Oadra, 868 S.W.2d at 293.

 Dudding next cites Code section 439(d) for the proposition that unless a contrary
intent is manifested by the terms of the account or the deposit agreement or there exists clear and
convincing evidence of an irrevocable trust, a trust account belongs beneficially to the trustee
during his lifetime. This language is actually found in section 438(c) that governs ownership of
accounts during the lifetime of the parties to the account and, thus, does not apply here. Tex.
Prob. Code Ann. § 438(c) (West 1980); Oadra, 868 S.W.2d at 292. Additionally, section 439(d)
is a catchall provision that applies if the other subsections of section 439 do not. See Oadra, 868
S.W.2d at 292 n.5, 293.

 Stanton argues that section 439(c) applies to the facts in this case and that on
Hendricks' death the trust-account terminated and the funds in the account vested in him. Section
439(c) applies exclusively to trust accounts. Oadra, 868 S.W.2d at 292. Section 439(c) is
triggered, and the funds pass to the beneficiaries, on the death of the single trustee or the survivor
of multiple trustees. Oadra, 868 S.W.2d at 292. Hendricks was the sole trustee, and Stanton the
sole beneficiary, of the trust account. Thus, under section 439(c), on Hendricks' death,
ownership of the trust-account funds vested in Stanton as the surviving beneficiary of the account. 
Accordingly, the trust-account funds do not pass as part of Hendricks' estate. Dudding, therefore,
had no right to collect the funds from account number 16-387898-0. The summary-judgment
proof supports the trial court's judgment that Stanton was entitled to judgment as a matter of law. 
We overrule Dudding's single point of error.

 The trial court's summary judgment is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: August 17, 1994

Do Not Publish

1. [1]  Apparently Edna Mae Hendricks was also known as Mae E. Hendricks. Neither party
disputes that this was the decedent's account. 
2. [2]  The probate court did not sign an order admitting Hendricks' will to probate or ordering
letters testamentary issued to Dudding until December 4, 1991, over two months after Dudding
withdrew the trust-account funds. We do not address the legitimacy of Dudding's actions taken
before letters testamentary issued because this question is not necessary to our disposition of the
appeal.
3. [3]  Despite this order, the trial court's summary judgment recites that Stanton recover from
Dudding and the Bank. The Bank did not appeal from the trial court's judgment. 
4. [4]  All subsequent Texas Probate Code references are to the statutory provision in effect when
Hendricks died.
5. [5]  We distinguish Bloom, Fulfs, and Young on their facts; none of these cases involved the
transfer of funds from a trust account.
6.   On the date Hendricks died, section 439 provided, in pertinent part:


(c) If the account is a trust account, on death of the trustee or the survivor of
two or more trustees, any sums remaining on deposit belong to the person
or persons named as beneficiaries, if surviving, or to the survivor of them
if one or more die before the trustee, unless there is clear and convincing
evidence of a contrary intent. If two or more beneficiaries survive, there is
no right of survivorship in event of death of any beneficiary thereafter unless
the terms of the account or deposit agreement expressly provide for
survivorship between them.


(d) In other cases, the death of any party to a multiple-party account has no
effect on beneficial ownership of the account other than to transfer the rights
of the decedent as part of his estate.


Act of May 17, 1979, 66th Leg., R.S., ch. 713, § 31, 1979 Tex. Gen. Laws 1740, 1758 (Tex.
Prob. Code Ann. § 439(a), (b), (c), since amended); Tex. Prob. Code Ann. § 439(d) (West
1980). Subsections (a) & (b) of section 439 apply to joint accounts and P.O.D. ("pay on
death") accounts, respectively, and consequently do not apply to the present case. Oadra,
868 S.W.2d at 292 n.5.