**Affirmed and Opinion filed July 23, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00637-CV

---

## MABLE LAVELL REDUS, INDIVIDUALLY AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF CUBIE BEATRICE REDUS, Appellant

### V.

### JP MORGAN CHASE BANK, N.A., Appellee

---

**On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2019-86487**

---

### O P I N I O N

Mable Lavell Redus ("Mable") appeals from a summary judgment dismissing her fraud, conversion, and related claims against appellee JPMorgan Chase Bank, N.A. Mable enlisted Topangelia Shaw to assist in administering Mable's deceased mother's estate. Shaw prepared a small estate affidavit, which the probate court approved. Shaw presented the small estate affidavit, the court's approval order, and two endorsed checks originally payable to Mable's mother to

Chase. The funds were deposited into Shaw's Chase accounts and subsequently withdrawn and spent. Mable sued Chase and others, asserting various tort claims.

Chase successfully argued below that Mable had no evidence of two of her claims and that Estates Code section 205.007 entitled Chase to summary judgment on Mable's remaining claims. Section 205.007 releases certain persons from liability when making a payment under a small-estate affidavit. On appeal, Mable contends that Chase is not entitled to relief under section 205.007 because the small-estate affidavit, prepared by Shaw, contained factual misstatements. She also challenges the trial court's decision to grant Chase's no-evidence motion for summary judgment on certain claims.

Viewing the evidence in the light most favorable to Mable, we hold that the trial court did not err in granting Chase's no-evidence motion. We further hold that section 205.007 releases Chase from any liability to Mable on her remaining claims. We affirm the trial court's judgment.

## Background

Cubie Beatrice Redus died in 2006. Cubie's daughter Mable continued living in Cubie's home. In 2017, the home suffered hurricane damage. Mable filed an insurance claim, and the insurance company issued three checks payable to Cubie. The checks were for $16,500, $58,023.77, and $47,051.70, totaling $121,575.47. According to Mable, she "became aware [she] had not changed the name on the insurance policy as they were all payable to [Cubie]. As a result, [Mable] asked about amongst [] friends if they knew anyone who could assist, as the checks were not payable to [Mable], and no probate had been done." Mable contacted Topangelia Shaw, who represented that "she was a legal assistant working with an attorney who could handle the situation." Mable gave Shaw the three insurance checks and information about Cubie's estate. After some time

2

passed without hearing from Shaw, Mable contacted the insurance company, which told Mable that the insurance checks had been cashed. Mable subsequently learned the Shaw had applied for and obtained a small-estate affidavit for the Estate of Cubie Beatrice Redus.

The small-estate affidavit declared that the value of Cubie's estate did not exceed $75,000; that the assets of Cubie's estate included the $58,023 insurance check; and that Mable, Shaw, and Leticia Guidry (another of Cubie's daughters) were Cubie's three inheritors and distributees of Cubie's estate. The probate court approved and signed the affidavit.

It is undisputed that in 2018 Shaw presented the affidavit and two of the insurance checks (for $58,023.77 and $47,051.70) to Chase, which then deposited funds from the insurance checks into Shaw's personal accounts based upon Shaw's endorsements on the checks.[1]

In 2021, the probate court declared the affidavit void and appointed Mable administrator of Cubie's estate.

Mable sued Chase and Shaw, among others, for common-law conversion, forgery,[2] fraud, gross negligence, and conspiracy. In amended pleadings, Mable added claims for statutory conversion and money-had-and-received. Chase moved for summary judgment on traditional and no-evidence grounds, arguing that Texas Estates Code section 205.007 bars claims against a financial institution for paying based on a small-estate affidavit; that Mable's common-law causes of action are

---

[1] Shaw deposited the $16,500 check at a different bank. The third check is not at issue in this appeal.

[2] We note that Mable later represented to the trial court that the "claim of forgery is against Shaw," although she did not formally non-suit her claim against Chase.

abrogated by the Uniform Commercial Code ("UCC"); and that Mable has no evidence to support her claims for fraud and civil conspiracy.

Mable filed a cross-motion for summary judgment, arguing that Chase could not have justifiably relied on the small-estate affidavit; that the UCC did not abrogate her common-law claims; and that deemed admissions by Shaw established Mable's causes of actions against Chase.

The trial court denied Mable's motion and granted Chase's motion. The court severed Mable's claims against Chase, making the summary judgment order a final judgment for purposes of appeal. Mable timely appealed the take-nothing judgment against her.

### Issues Presented

Mable presents eleven issues for review, which we include here verbatim:

1. Is Chase Bank liable for common law conversion and/or statutory conversion under Tex. Bus. & Comm. Code § 3.420, for payment of the Checks to Shaw, presented by Shaw and endorsed by Shaw in her name but payable to the Decedent?

2. Was Chase Bank by Tex. Estates Code § 205.007 required to reasonably rely upon the affidavit to be released from liability for its common law and statutory conversion under Tex. Bus. & Comm. Code § 3.420?

3. Did Chase Bank present sufficient summary judgment evidence to establish that it reasonably relied upon the Small Estate Affidavit as required by Tex. Estates Code § 205.007 in order to be released from liability for its statutory conversion under Tex. Bus. & Comm. Code § 3.420, as a matter of law?

4. Did Chase Bank reasonably rely upon the Small Estate Affidavit in making payment of the Checks to Shaw?

5. Does the language contained in the Inserted Page, i.e. the typed page entitled "Affidavit of Death", act as: (1) a transfer from Letitia

and Mable of their distribution interest to Shaw; and/or (2) an authorization for Chase Bank to pay their distributions to Shaw?

6. Can Chase Bank be released from liability under Tex. Estates Code § 205.007 for its common law and/or statutory conversion under Tex. Bus. & Comm. Code § 3.420, where the order approving the Small Estate Affidavit is subsequently judicially declared to be void due to a lack of jurisdiction for its issuance?

7. Was Chase Bank on sufficient notice to be required to inquire as to the truth of statements contained in the Small Estate Affidavit and did it fail to do so.

8. Did Appellant present a scintilla of evidence on every element of civil conspiracy so as to defeat Chase Bank's no-evidence motion for summary judgment? Is Appellant entitled to a summary judgment on its claim of civil conspiracy?

9. Did Appellant present a scintilla of evidence on every element of fraud so as to defeat Chase Bank's no-evidence motion for summary judgment?

10. Did the adoption of versions of Articles 3 and 4 of the Uniform Commercial Code abolish the common law claims of conversion, forgery and gross negligence?

11. Are there any claims of Appellant not raised by Chase Bank's motion for summary judgment and thus not disposed of by the appealed orders and still pending?

### Standard of Review

Chase filed a combined no-evidence and traditional motion for summary judgment. *See* Tex. R. Civ. P. 166a(c), (i). Both types of motions for summary judgment are reviewed de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We review no-evidence motions for summary judgment under the same legal sufficiency standard used to review a directed verdict. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). A party without the burden of proof at trial, after adequate time for discovery, may move for summary judgment on the ground that there is no evidence of one or

more essential elements of a claim or defense. Tex. R. Civ. P. 166a(i). "In a no-evidence summary judgment, the movant must specifically state the elements as to which there is no evidence. The burden then shifts to the non-movant to bring forth evidence that raises a fact issue on the challenged elements." *Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 316-17 (Tex. App.—Houston [1st Dist.] 1999, no pet.). "[A] no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla exists "when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Macias*, 988 S.W.2d at 317 (internal quotation marks omitted). Conversely, "[l]ess than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion." *Id.* (internal quotation marks omitted).

A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). To prevail as a movant, a defendant must either negate at least one of the essential elements of a cause of action or conclusively establish each element of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once a movant initially establishes a right to summary judgment on the issues expressly presented in the motion, the burden shifts to the nonmovant to present issues or evidence precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). All theories in support of or in opposition to a

6

motion for summary judgment must be presented in writing to the trial court. *See* Tex. R. Civ. P. 166a(c).

In reviewing either type of summary judgment motion, we view the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Valence Operating*, 164 S.W.3d at 661. When the trial court's order does not specifically state the grounds for granting judgment, we must affirm the judgment "if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). When a party moves for both a traditional and a no-evidence summary judgment, we first review the trial court's summary judgment under the no-evidence standard of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no-evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *See id.*

We review statutory construction issues de novo. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018). Courts must apply the statute as written and refrain from rewriting text that lawmakers chose. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009). In construing a statute, our objective is to determine and give effect to the legislature's intent by looking to the plain and common meaning of a statute's words. *See Ashland Inc. v. Harris Cnty. Appraisal Dist.*, 437 S.W.3d 50, 52-53 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("If a statute is worded clearly, we must honor its plain language, unless that interpretation would lead to absurd results."). We strive to effectuate all statutory terms, and we presume that a statute's every word or

omission was purposeful. *See Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d 785, 789 (Tex. App.—Houston [14th Dist.] 2013, no pet.). "As a general principle, we eschew constructions of a statute that render any statutory language meaningless or superfluous." *City of Dallas v. TCI W. End, Inc.*, 463 S.W.3d 53, 57 (Tex. 2015).

## Analysis

### A. No evidence of fraud and conspiracy

We begin with Chase's no-evidence motion on Mable's claims for fraud and civil conspiracy.

Common-law fraud requires: (1) a false; (2) material representation; (3) which was either known to be false when made or was asserted without knowledge of its truth; (4) which was intended to be acted upon by the other party; (5) which the other party relied upon; and (6) which caused injury to the other party. *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015). Chase contended that Mable could not produce evidence of any false representation or any other essential element of her fraud claim. In response, Mable asserted, "While [her] fraud claims principally revolve around the circumstances of getting court approval of the Small Estate Affidavit, Chase Bank's actions in failing to comply with the language of the Small Estate Affidavit . . . evidence actual participation in the fraudulent scheme of Shaw to obtain the proceeds of the Checks for her own personal use and enjoyment." Because Mable did not produce evidence of a false representation made by Chase to Mable, her fraud claim fails as a matter of law. *E.g.*, *United Heritage Corp. v. Black Sea Invs., Ltd.*, No. 10-03-00139-CV, 2005 WL 375443, at *8 (Tex. App.—Waco Feb. 16, 2005, no pet.) (mem. op.) (court found that defendants did not make representations and thus there could be no fraud).

8

Civil conspiracy is not an independent tort but is instead a theory of vicarious tort liability derivative of an underlying wrong. *Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 140-41 (Tex. 2019). The elements of civil conspiracy are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). In arguing that Chase should be held liable as Shaw's conspirator, Mable asserted that:

> There was a meeting of the minds on the common object or course of action, to-wit: the Small Estate Affidavit was used to aid in the payment of the proceeds of the Checks to Shaw; the Personal Accounts for the personal use of Shaw were to receive the proceeds of the Check; the Checks were to be deposited into the Personal Accounts; and Shaw would be entitled to the use and enjoyment of the proceeds of the Checks once deposited into the Personal Accounts.

This assertion, not supported by any reference to evidence in the record, is insufficient to establish a meeting of minds to commit an unlawful act. *Chu v. Hong*, 249 S.W.3d 441, 446 (Tex. 2008) ("Chu could only be liable for conspiracy if he agreed to the injury to be accomplished; agreeing to the conduct ultimately resulting in injury is not enough."). Because there is no evidence of one of the essential elements, Mable's conspiracy theory fails as a matter of law.

The trial court did not err in granting Chase's motion for no-evidence summary judgment.

## B. Release from liability for remaining claims

We now turn to the trial court's judgment on Mable's remaining claims. We begin by clarifying the scope of the claims before the court. Mable contends that Chase failed to move for summary judgment on Mable's money-had-and-received claim and therefore the trial court erred in granting more relief than requested.

9

Chase admits that it did not expressly move for summary judgment on Mable's money-had-and-received claim.

By dismissing Mable's money-had-and-received claim, the trial court granted more relief than Chase specifically requested. It is generally error for a trial court to grant more relief than a summary-judgment movant requests in a motion. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) (per curiam). Generally, we may not affirm a summary judgment on grounds not presented in the motion. *Rush v. Barrios*, 56 S.W.3d 88, 97 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). The summary judgment is therefore erroneous as to Mable's money-had-and-received claim. *See* Tex. R. Civ. P. 166a(c); *Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co.*, 489 S.W.3d 118, 123 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

As the appellant, it is Mable's burden to demonstrate that this error is reversible. *See Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 667 (Tex. 2009) (complaining party bears burden of showing harmful error on appeal to obtain reversal); *Grimm v. Grimm*, 864 S.W.2d 160, 163 (Tex. App.—Houston [14th Dist.] 1993, no writ) ("The burden of showing reversible error is on appellant as the complaining party."); *see also* Tex. R. App. P. 44.1(a).

The error in granting more relief than requested is harmless and not reversible "when the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *Magee*, 347 S.W.3d at 297-98 (citing Tex. R. App. P. 44.1(a)). This is a limited exception and applies, for example, if the defendant has conclusively disproved an ultimate fact or element which is common to all causes of action alleged. *See id.* at 297; *see also Sweet Water Well Servs., LLC v. W. Houston Airport Corp.*, No. 14-18-00596-CV, 2020 WL 5048356, at *3 (Tex. App.—Houston [14th Dist.] Aug. 27, 2020, no pet.) (mem. op.). In that

10

circumstance, the summary judgment may be affirmed. *Magee*, 347 S.W.3d at 297.

We conclude this exception applies here. All of Mable's remaining claims, including her money-had-and-received claim, are premised on Chase's allegedly tortious conduct, namely payment of the checks to Shaw when that money allegedly belonged to Mable. Chase argues that the Estates Code bars all of Mable's remaining claims. Accordingly, if Chase is correct that it conclusively established a legal bar to Mable's claims, then the trial court's summary judgment on Mable's money-had-and-received claim, though error, is not reversible.

Estates Code section 205.007, entitled "Liability of Certain Persons," provides that a payor "making a payment, delivery, transfer, or issuance under an affidavit[3] described by this chapter is released to the same extent as if made to a personal representative of the decedent." Tex. Est. Code § 205.007(a). A payor under a small estate affidavit "may not be required to: (1) see the application of the affidavit; or (2) inquire into the truth of any statement in the affidavit." *Id.* The distributees to whom payment is made are answerable for the payment to any person having a prior right. *Id.* § 205.007(b)(1). The statute shifts liability to "[e]ach person who executed the affidavit" "for any damage or loss to any person that arises from a payment, delivery, transfer, or issuance made in reliance on the affidavit." *Id.* § 205.007(d).

It is undisputed that Shaw presented Chase with a court-approved small-estate affidavit for Cubie's estate, listing Shaw as a distributee. It is also

_____

[3] A small-estate affidavit, if meeting certain requirements, entitles the distributees of the estate of a decedent who dies intestate to the decedent's estate without waiting for the appointment of a personal representative of the estate. *See* Tex. Est. Code §§ 205.001 ("Entitlement to Estate Without Appointment of Personal Representative"), 205.002 ("Affidavit Requirements").

11

undisputed that Chase made payment under the small-estate affidavit to Shaw. Unless there is a reason that section 205.007(a) does not apply, then the plain language of the statute establishes that Chase is released from any liability to Mable for making payment to Shaw. *See id.* § 205.007(a).

Mable presents a number of reasons why we should not apply section 205.007: (a) Chase did not act in good faith; (b) Chase's reliance on the affidavit was not reasonable; (c) Chase should have been on "inquiry notice" to investigate and verify the facts alleged in the affidavit; (d) Chase's payment to Shaw was contrary to the terms of the affidavit requiring a one-third distribution each to Shaw, Mable, and Leticia; (e) the $47,0051.70 check was not listed on the affidavit as an asset of Cubie's estate; and (f) Chase should not have relied on an affidavit that was subsequently declared void. None of Mable's contentions has merit.

There is no statutory requirement that Chase act in good faith, that its reliance be proven reasonable, or that Chase investigate the veracity of the affidavit, including any facts relating to the value of the estate assets or liabilities. In fact, the statute specifically prohibits a payor from requesting to "see the application of the affidavit" or to "inquire into the truth of any statement in the affidavit." *Id.* Although the affidavit listed Shaw, Mable, and Leticia as equal distributees, the statute does not require a payor to pay in accordance with the purported inheritors' proportionate share of the estate. Rather, a payor is released from liability to the same extent as if payment was made to a personal representative of the decedent. *Id.* The personal representative of Cubie's estate, such as an executor or administrator,[4] would have the statutory duty to "recover

---

[4] Tex. Est. Code § 22.031(a) ("'Representative' and 'personal representative' include: (1) an executor and independent executor; (2) an administrator, independent administrator, and temporary administrator; and (3) a successor to an executor or administrator listed in Subdivision (1) or (2).").

possession of the estate and hold the estate in trust to be disposed of in accordance with the law." Thus, Chase has no liability for paying the estate funds to Shaw, as if she were the estate representative.[5]

Further, the statute shifts liability to persons other than the payor in two respects. First, the distributees to whom payment is made are answerable for the payment to any person having a prior right. Tex. Est. Code § 205.007(b)(1). Second, any person who executed the small-estate affidavit is liable for any damage or loss to any person that arises from a payment made in reliance on the affidavit. *Id.* § 205.007(c). Both of these provisions make clear that Chase, as payor, is not responsible for any damages to Mable arising out the payment on the insurance checks.

Finally, that the affidavit was subsequently declared void in 2021 does not retroactively impose liability upon Chase. Nothing on the face of the affidavit, at the time of presentation in 2018, indicated that either the affidavit or the probate court's order was void.

For these reasons, we overrule Mable's issues challenging the application of section 205.007(a). Further, because Mable's claims against Chase are predicated upon the act of making payment to Shaw, we hold that section 205.007(a)'s limitation of liability precludes Mable from recovering on any of her claims against Chase, including her money-had-and-received claim. Accordingly, the trial court did not err in granting Chase's motion for summary judgment, denying Mable's motion for summary judgment, and dismissing all of Mable's claims.

---

[5] This is consistent with the Uniform Probate Code, upon which the Texas Estates Code is modeled. *Stegall v. Oadra*, 868 S.W.2d 290, 293 (Tex. 1993) ("The Texas Probate Code was patterned after the Uniform Probate Code."). The uniform code provides in commentary that a small-estate affidavit "provides for *an easy method* for collecting the personal property of a decedent by affidavit prior to any formal disposition." "General Comment," Unif. Prob. Code art. III, pt. 12 (emphasis added).

## Conclusion

We affirm the trial court's judgment.

/s/ Kevin Jewell
   Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.