**ANDERSON   v.   HUIE et al.**

No. 14780.

Court of Civil Appeals of Texas.

Dallas.

Feb. 26, 1954.

Rehearing Denied April 2, 1954.

Shields & Whittington, Dallas, for appellant.

Corenbleth, Thuss & Jaffe, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal from an order sustaining a plea of privilege.

Appellant, as plaintiff, sued appellee as defendant, both individually and as independent executrix of the estate of Morris C. Huie, deceased, for services rendered as her attorney. Defendant is also sole beneficiary under the terms of the will of deceased. Plaintiff controverted defendant's plea of privilege to be sued in Cherokee County, her place of residence, on the ground that his suit is against an executrix as such, hence under Art. 1995, subd. 6, V. A.T.S. may be brought in the county in which such estate is administered, which is Dallas County.

■ It is well settled that in order to maintain venue a plaintiff need prove only the "venue facts." Piazza v. Phillips, Tex. Sup., 264 S.W.2d 428; National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021 (opinion adopted); 43 Tex.Jur. 844. What are "venue facts" must be determined in each case by reference to the particular subdivision of Art. 1995 on which plaintiff is relying. National Life Co. v. Rice, supra. There are some exceptions to the venue statute which in their nature require a greater quantum of proof to establish venue than others. 9 Ten Year Supp.Tex. Jur. (1953 Pocket Supp. p. 232). For example, our Supreme Court has held that if the plaintiff is relying on subdivision 23, the "venue facts" include all the elements necessary to show (1) a good cause of action, and (2) that the cause of action arose in the county where plaintiff filed his suit; and they must be proved in the usual way, that is, by a preponderance of the evidence. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63. On the other hand our Supreme Court has held that if plaintiff is relying on subdivision 14 of the statute he must prove as venue facts

only (1) that his suit, as evidenced by his petition, is one for the recovery of land, or damages thereto, and (2) that the land lies in the county where suit was filed. Piazza v. Phillips, supra; Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69.

■ We have not been cited to a case and we know of none which states the rule concerning the quantum of proof necessary under subdivision 6, of Art. 1995 V.A. T.S. But the wording of the subdivision convinces us that in this respect it is analogous to subdivision 14 rather than to subdivision 23. Accordingly we hold that plaintiff has sufficiently proved his "venue facts" under subdivision 6 if he proves by a preponderance of the evidence that (1) his suit is against an executrix as such to establish a money demand against the estate and (2) the suit was brought in the county in which the estate is administered. Clark, "Venue in Civil Actions in Texas" (page 50).

■ In the case now before us the petition shows that plaintiff's suit, in part at least, is against an executrix as such to establish a money demand against the estate. This meets the requirements as to "venue fact" No. (1) as above set out. But we think plaintiff has failed to meet the requirements as to the quantum of proof necessary to support "venue fact" No. (2). He has failed to discharge the burden that was on him to prove that the estate was still being administered at the time suit was filed on April 25, 1953. Subdivision 6 of the venue statute uses the present tense: " * * * suit may be brought in the county in which such estate *is administered.*" (Emphasis supplied.) Defendant claims that the estate was no longer under administration. Though the record is not entirely clear on the point, the evidence tends to show that the assets of the estate had been distributed and the estate as such had been closed. The trial court did not file findings of fact. In the absence of express findings we must presume the court made such findings, if they have support in the record, as are necessary to support the judgment rendered. Certain-

ly the record before us will easily support the presumed finding of the trial court that the plaintiff failed to discharge the burden on him to prove that the estate was still under administration at the time plaintiff filed his suit.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

Appellant says in substance that since it is uncontroverted that Nina D. Huie, as independent executrix, closed the administration knowing that appellant's claim for attorney's fee was unpaid, the administration may not be considered as closed so far as his claim is concerned.

Appellant's point is overruled. It has been held by our Supreme Court that an independent executor may determine for himself when the estate is ready for distribution, though there are unpaid claims against the estate. In such case the creditors' remedy is against the devisees or legatees who, as distributees, take the property subject to debts owed by the estate. McDonough v. Cross, 40 Tex. 251 (syls. 5 and 6); Parks v. Knox, 61 Tex.Civ.App. 493, 130 S.W. 203; Wallace v. Republic Nat. Bank, 5 Cir., 80 F.2d 787.

We quote from the opinion in McDonough v. Cross, supra, 40 Tex. at pages 269–270: "It may be, if the executor in fraud of the right of creditors has passed the estate committed to his charge out of his control, he may have made himself personally liable to creditors. But still it must be admitted an ordinary judgment against him in his representative character will not authorize the levy of execution upon the property of the estate after he has ceased to be executor, or upon property which has passed from his hands as such executor, although in the proper discharge of his duties he should have retained it in his hands for the payment of the debts of the estate."

It has also been held that when an independent executor distributes an estate to heirs or devisees, he loses all control over it and cannot thereafter administer it for the benefit of creditors. Parks v. Knox, supra.

Appellant's motion for rehearing is overruled.