ATLANTIC INSURANCE COMPANY,
Appellant,

v.

H. L. FULFS et al., Appellees.

H. L. FULFS et ux., Appellants,

v.

MILWAUKEE INSURANCE COMPANY
et al., Appellees.

Nos. 16844, 16845.

Court of Civil Appeals of Texas. -.

Fort Worth.

June 23, 1967.

Rehearing Denied July 14, 1967.

Strasburger, Price, Kelton, Martin & Unis, and Royal H. Brin, Jr., Dallas, for Atlantic Insurance Co., appellant and appellee.

Nelson, Montgomery & Robertson, and Charles B. Russell, Wichita Falls, attorneys for H. L. Fulfs et ux., appellee and appellant.

Fillmore & Fillmore, and H. Dustin Fillmore, Wichita Falls, for Milwaukee Insurance Co. of Milwaukee, Wisconsin, appellee.

### OPINION

LANGDON, Justice.

This suit was filed by H. L. Fulfs and wife against Milwaukee Insurance Company of Milwaukee, Wisconsin, a corporation, one of the appellees, and Atlantic Insurance Company, a corporation, appellant, for collision damage to an automobile and for medical payments.

Prior to the occasion in question, Milwaukee had issued its family automobile policy to the Fulfs on an automobile owned by them and Atlantic had issued two of its Texas Family Automobile Policies of insurance to R. D. Wright. In one it agreed to pay for loss to a 1965 Plymouth Barracuda automobile in excess of the deductible amount of $50.00. In the other it agreed to pay all reasonable medical expenses incurred within one year from the date of accident up to $2,000.00 for each person. Each of these policies named R. D. Wright as the insured and each contained the following provision: "15. Assignment * * * if, however, the insured named in Item 1 of the declarations * * * shall die, this policy shall cover * * * (3) any person having proper temporary custody of an owned automobile, as an insured, until the appointment and qualification of such legal representative, and (4) under division 1 of Part II any person who was a relative at the time of such death." This provision will hereinafter be referred to as paragraph 15.

Wright died, leaving a will bequeathing his Plymouth Barracuda automobile, covered by the Atlantic policies, to Mrs. Fulfs, his aunt. She acquired custody of the Plymouth after the death of Wright but prior to the time Wright's will was admitted to probate. The sequence of events is summarized as follows:

September 10, 1965—R. D. Wright died.

September 13, 1965—Car delivered to Leva Fulfs. She and her husband went to Denton for the nephew's funeral. While there she met with Ted Davis, named as executor, and Gerald Stockard, who had been her nephew's lawyer and was the lawyer for the estate. The will was read and the car was turned over to Mrs. Fulfs.

September 19, 1965—Car demolished and Leva Fulfs injured.

September 27, 1965—1. Will probated and Ted Davis qualified as independent executor. 2. Atlantic's policies as-

signed to Ted Davis, executor, and transferred by agent of Atlantic.

October 25, 1965—Atlantic policies assigned to Leva Fulfs, and transferred to her by an agent of Atlantic.

October 27, 1965—Title to Plymouth was transferred to Leva Fulfs by the independent executor.

March 7, 1966—Atlantic's policies cancelled because Leva Fulfs was over 65.

Trial was to the court without a jury. Judgment was rendered for plaintiffs against Atlantic Insurance Company in the total amount of $5,320.30 plus interest and court costs. Recovery against Milwaukee Insurance Company was denied. Atlantic has appealed the judgment against it and plaintiffs have appealed limiting the scope of such appeal to the part of the judgment denying them any relief against Milwaukee, an appellee.

By three points of error Atlantic contends that under this record (1) Mrs. Fulfs did not have "proper temporary custody" pending the appointment and qualification of the executor, within the meaning of the policy provisions; (2) it was error to place the full loss against Atlantic assuming coverage on its part because the loss should be prorated with Milwaukee Insurance Company; and (3) the court erred in awarding an unsupported and excessive amount of attorney's fees.

We affirm.

Coverage by Atlantic is claimed under the provisions of paragraph "15. Assignment," the pertinent language of which is above set forth. Thus, the primary question to be resolved is whether or not Mrs. Fulfs, at the time of the accident, had "proper temporary custody" of the Plymouth "until the appointment and qualification" of the legal representative of the deceased.

Atlantic contends that Mrs. Fulfs had "permanent" rather than "temporary" cus-

tody of the car as the owner to whom it had been bequeathed. In support of this contention Atlantic argues that at the time the car was turned over to Mrs. Fulfs it was everyone's (apparently a reference to the Fulfs, Davis, named executor, and Stockard, attorney for the estate) intention that it was being delivered to her as the owner, to be kept permanently by her. This was because it had been determined that there were no debts of the deceased which would require resort to the car and thus it was not contemplated that Mrs. Fulfs would ever return it to Ted Davis, the executor. Stated another way, it is argued that Mrs. Fulfs was not given custody of the car to await appointment and qualification of the executor and then to turn the car over to him, but rather the personal representative named in the will already had possession and had turned the car over to her to keep permanently because it was willed to her and would not be needed for payment of any debts.

Appellant, Atlantic, contends that under Texas law Mrs. Fulfs became the owner of the Plymouth immediately upon the death of Wright, her nephew, and thus was the owner at the time of the accident, and cites Section 37 of the Probate Code, V.A.T.S., which provides: "When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees * * * ."

It should be noted that Section 37 of the Probate Code further provides that upon issuance of letters testamentary or of administration upon any such estate, the executor *shall* have the right to possession of the estate as it existed at the death of the testator and that he *shall* recover possession of and hold such estate in trust for disposition in accordance with law. (Emphasis added.)

In Morris v. Ratliff, 291 S.W.2d 418, 421 (Dallas Civ.App., 1956, ref. n. r. e.), it was stated: "It is true, as appellant says, that when a person dies leaving a lawful will,

all of his estate vests immediately in the devisees or legatees. Art. 3314, V.A.C.S. But the devisees take subject to the lawful administration of the estate and an executrix in her representative capacity, as part of her full administration of the estate, must secure and collect the assets for the estate in order to comply with the terms of the will and distribute the assets to the parties, including creditors entitled to receive them."

Pursuant to Section 37 of the Probate Code, supra, and Sections 232 and 233 thereof, the personal representative of an estate, immediately upon receiving letters, *shall* take into possession the personal property, records, books, title papers and other business papers of the estate to *later* be delivered to the person or persons legally entitled thereto when the administration has been closed. He is required to use ordinary diligence to collect all claims and debts due the estate and to recover possession of the estate *to which its owners have* any claim or title. (Emphasis added.) See also 18 Tex.Jur.2d 309, 311 and § 353 and § 356, respectively.

■ It can be readily seen from the above provisions that the personal representative of the estate not only has the right to possession but the duty to acquire such possession.

■ The right of possession and control of both personal and real property of estates by executors and administrators is not limited by the fact that there are no debts or that the one claiming the property is the sole distributee. Whether the estate is solvent or insolvent does not affect the executor's right of possession. The specific bequest of the car to her did not confer upon Mrs. Fulfs any control over the car pending probate of the will and transfer of the title to her through the personal representative of the estate at close of the administration.

■ It is immaterial that an heir or devisee is given or in some way obtains possession of his part of an estate prior to the probate of the will as did Mrs. Fulfs in this case. Her possession was temporary and under the circumstances proper. Unquestionably, her possession was subject to the executor's right of possession and his right under such circumstances was enforceable by court order.

In the case of Freeman v. Banks, 91 S.W.2d 1078 (Tex.Civ.App., 1936, ref.), it was stated: "It is elementary that the executor has the right of possession of the estate. If, after the payment of all just debts owing by the estate, any property remains that has been specially devised to some person, or institution, it would be the duty of the executor to then deliver such property to the named devisee * * *. It is elementary that property of a deceased, going into the hands of either a devisee under the will, or to an heir by descent and distribution, is taken subject to the debts and costs of administration."

"Although an independent executor is a creature of the will and not of the probate court, he is an appointee of the court in the sense that he may not function until the will has been probated * * *.

"After a will is admitted to probate * * * the judge has no discretionary power to refuse to issue letters to such person unless he is a minor or insane. * * * The fact that no debts exist * * * and that there is no necessity for an administration, does not affect the power or the duty of the county court to probate the will and grant letters testamentary to the executor named therein. The necessity for an administration is required to be shown only in the absence of a will. Articles 3356 and 3370, Vernon's Ann.Civ.St. * * *." Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954, (1944); see also Boyles v. Gresham, 153 Tex. 106, 263 S.W.2d 935 (1954).

Under these holdings of the Supreme Court of Texas the judge must probate a will when offered for such purpose whether there is need for administration or not and irrespective of whether or not there are debts. The executor appointed under such a will has the same authority, rights and duties under the law as executors of estates which of necessity require administration and are burdened with debts.

In the Cocke case, supra, the court further held that since Cocke held the legal status "As such representative he is entitled to the possession of the property of the estate."

The delivery of the automobile by Ted Davis to Leva Fulfs on September 13, 1965 did not divest him of the right to possession of the car upon probate of the will on September 27, 1965. Mrs. Fulfs' possession, prior to the probate of the will, was necessarily temporary since it was subject to any demands which might later be made upon her by Ted Davis, once he had attained the legal status of personal representative of the estate on probate of the will.

The appellant, Atlantic, overlooks the possibility of unanticipated claims, debts or suits against the estate, which if established would have required all of the property of the estate, including the car, to pay off. It is to hedge against such unforeseen contingencies that the executor is given the rights and duties in connection with possession of such property.

Under the authorities it appears to us, as a matter of law, that Leva Fulfs had only "temporary custody" of the automobile since no one had authority to give it to her prior to probate of the will. See American Employers' Ins. Co. v. Brock, 215 S.W.2d 370 (Tex.Civ.App., 1948, ref. n.r.e.); Laforge v. LeBlanc, 137 Me. 208, 18 A.2d 138 (1941).

In our opinion appellant's contentions and the arguments in support thereof are untenable and if upheld would nullify the purpose of such policy provisions as are designed to give coverage to relatives and other persons having temporary custody of the automobile until the appointment and qualification of a legal representative or until the policy is assigned to some person as provided by its terms. New Century Casualty Co. v. Chase, D.C., 39 F.Supp. 768, 772; Wilkins v. Inland Mutual Insurance Company, 4 Cir., 253 F.2d 489. The latter case involved a question of notice which is not present in the case at bar. See also 7 Appleman's Insurance Law and Practice, pp. 272, 274, and footnote at page 275, which points up the difference in the older form of standard policy and the more modern forms of policies extending coverage to any person having proper temporary custody of the automobile.

The intention of the parties or their understanding as to whether Mrs. Fulfs' custody of the car was temporary or permanent is not decisive and certainly Atlantic cannot vary or contradict the provisions of its policy and deny coverage because Mrs. Fulfs, at the time she received the car, or others may have thought her custody was permanent rather than temporary.

Holding as we do that the automobile in question was covered by the policies of the appellant, Atlantic Insurance Company, obviates the necessity of any discussion as to coverage by the appellee, Milwaukee Insurance Company, and the question of prorating the loss between it and Atlantic.

In our opinion the award of $950.00 as attorney's fees is reasonable and supported by the record. According to his testimony the attorney expended in excess of twenty hours in preparation of the case for trial. He filed a controverting affidavit to Atlantic's plea of privilege, participated in a hearing thereon and prepared and submitted an order for the

court's approval. He participated in the trial of the case commencing on October 18, 1966 and continued to final hearing on November 10, 1966.

See Articles 3.62 and 3.62—1, Insurance Code of Texas, V.A.T.S.; Southwestern Fire and Casualty Company v. Atkins, 346 S.W.2d 892 (Tex.Civ.App., 1961, no writ); American Indemnity Company v. Garcia, 398 S.W.2d 146 (Tex.Civ.App., 1965, Ref. n.r.e.); and Republic National Life Insurance Company v. Beard, 400 S.W.2d 853 (Tex.Civ.App., 1966, Ref. n.r.e.).

We overrule all points of error raised by the appellant, Atlantic, and the point of error raised by Fulfs, as appellants, relating to that portion of the judgment denying to them any relief against the appellee, Milwaukee.

Affirmed.