**Pat BLOOM and Freida Bloom, Co-Independent Executors of the Estate of Sandra Bloom Lieberman, Relators,**

v.

**The Honorable Bill BEAR, Respondent.**

**No. A14–86–025–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 6, 1986.

B. Rice Aston, David Gibson, Houston, for relators.

O.N. Baker, pro se.

Jack R. Evans, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

This is a mandamus proceeding. We granted leave to file to determine the issue of whether respondent should be directed to sign an order commanding the delivery of personal property to the independent executor named in the will. The property in dispute belongs to a decedent and is being held by a devisee under the will. The writ is conditionally granted.

Harris Lieberman and Sandra Bloom Lieberman, husband and wife, died simultaneously in a helicopter crash on July 5, 1981. The decedents both left wills disposing of their property. Generally speaking, Mrs. Lieberman's will provided for several specific monetary bequests and that, if her husband did not survive her, the remainder of her estate went to her children of a former marriage. Mr. Lieberman's will gave separate real property to his mother, Mary Lieberman, made specific monetary bequests and provided that, if his wife did not survive him, the remainder of his estate went to his mother. Relators were named co-independent executors of the estate of Mrs. Lieberman. O.N. Baker was named independent executor of the estate of Mr. Lieberman. The wills of both Mr. and Mrs. Lieberman were admitted to probate on July 21, 1981 and letters testamentary were issued to the named executors. Mary Lieberman, mother of Harris Lieberman, is in possession of numerous items of personal property which belonged to the deceased persons at their death. While she has filed with the probate court an approximately four page handwritten inventory list detailing the estate property she is holding, she has refused to deliver the property to the independent executors of either of the estates. The independent executors for each of the estates have attempted on three separate occasions to have respondent order her to deliver over the property, but respondent refuses to sign such order. Relators seek to have this court direct respondent to comply with the Probate Code so that they can carry out their duties under the will and the Probate Code.

At the time we granted leave to file, counsel for relators and counsel for Mary Lieberman were present. They were then notified of the date set for submission and each was given the opportunity to file additional material should they so desire. Respondent has not suggested any reason for refusing to sign the order. Counsel for Mary Lieberman has filed a "Response to the Petition for Writ of Mandamus" admitting that she "has possession of personal property of the decedents," but that she "claims possession by virtue of a lien lawfully executed on the subject property to secure payment of storage fees." She argues that until this issue is resolved by the trial court "an order effecting the right of possession of the property" cannot be rendered. We disagree.

■ Section 37 of the Probate Code provides that the executor "*shall* have the right to possession of the estate as it existed at the death of the testator . . .; and he *shall* recover possession of and hold such estate in trust to be disposed of in accordance with the law." Tex.Prob. Code Ann. § 37 (Vernon Supp.1986). Construing this, along with Sections 232 and 233 of the Probate Code, the Fort Worth Court of Civil Appeals stated in *Atlantic Insurance Company v. Fulfs*, 417 S.W.2d 302 (Tex. Civ.App.—Fort Worth 1967, writ ref'd n.r.e.) that the executor not only has the right to possession but has the duty to acquire such possession. This right of possession and control is not limited by the fact that there are no debts, and it is immaterial that an heir or devisee has possession of the property, because such possession is subject to the executor's right of possession and his right under such circumstanc-

es is enforceable by court order. *Atlantic Insurance Company*, 417 S.W.2d at 305. We agree with this interpretation of the statutes. Counsel for Mary Lieberman cites no authority and our research reveals none in support of her claim that she is entitled to maintain possession of the property until the validity of her claim is settled.

█ It appears that respondent was obligated to sign the order requested by relators directing that Mary Lieberman deliver to them the personal property of Sandra Lieberman. His failure to do so constitutes an abuse of discretion. The writ of mandamus is conditionally granted. However, believing respondent will abide by the order of this court, the writ will issue only in the event he refuses to do so.

It is so ordered.