**Writ of Mandamus Conditionally Granted; Opinion Filed November 13, 2012**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-12-01098-CV

---

## IN RE ESTATE OF FRANCIS J. HUTCHINS, DECEASED

---

**Original Proceeding from Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-11-01594-1**

---

# OPINION

Before Justices Bridges, Lang, and Fillmore
Opinion By Justice Lang

In this mandamus proceeding, relator Susan E. Jones, independent executrix of the Estate of

Frances J. Hutchins, Deceased (the "Estate"), seeks to vacate the trial court's June 5, 2012 "Order

Denying Motion for Turnover Order" and obtain a trial court order requiring real party in interest

Karen J. Coyle to deliver certain property in her possession to Jones. Because we conclude the trial

court abused its discretion and relator has no adequate remedy by appeal, we conditionally grant the

writ of mandamus.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The decedent, Francis J. Hutchins, died on April 9, 2011. Hutchins left a written "Last Will

---

[1] In addition to filing the petition for writ of mandamus addressed herein, Jones filed in this Court cause number 05-12-01163-CV, in which she challenges by appeal (1) the probate court's June 5, 2012 order at issue and (2) a related probate court order imposing sanctions against Jones and her trial counsel. By separate opinion issued this date, the appeal in cause number 05-12-01163-CV is dismissed for want of jurisdiction.

and Testament" that provided (1) Jones, a daughter of Hutchins, was to receive all right, title, and interest in a certain residential property owned by Hutchins; (2) Donna J. Smith, another daughter of Hutchins, was to receive $100,000; and (3) the remainder of the estate was to be divided equally among Jones, Smith, and Coyle, a third daughter of Hutchins. After Hutchins's death and before the will was filed for probate, Coyle obtained possession of certain property that had belonged to Hutchins at the time of her death, including a 2008 Chrysler 300 automobile (the "car") and at least one item of jewelry.

An application for probate of Hutchins's will and issuance of letters testamentary was filed by Jones on May 16, 2011. On June 2, 2011, the will was admitted to probate and, pursuant to the terms of the will, Jones was appointed independent executrix of the Estate and was issued letters testamentary. Coyle filed an "Entry of Appearance" on July 19, 2011. On July 25, 2011, Jones filed an "Inventory, Appraisement, and List of Claims" that stated in part

> The following is a full, true and complete Inventory and Appraisement of all personal property and of all real property of the Estate, together with a List of Claims due and owing to this Estate as of the date of death, which have come to the possession or knowledge of the undersigned.

The inventory list included, in part, the car and several items of jewelry. The "Inventory, Appraisement, and List of Claims" was "approved" by the trial court in an order dated July 27, 2011.

In an "Interim Order" dated September 14, 2011, the trial court ordered Coyle (1) to provide a sworn inventory of all property of the Estate in her possession; (2) not to "sale [sic], encumber or transfer" the car or "any jewelry of the [E]state"; and (3) to deliver the title to the car to the trial court. Coyle delivered the car title to the trial court[2] and filed an inventory list of what she termed "disputed" property in her possession. That inventory list included the car, a small clock, and four

_____

[2] Subsequently, in an order dated April 18, 2012, the trial court released the car title to Coyle's attorney.

jewelry items. At the bottom of that list, Coyle stated, "The foregoing items were distributed to Karen Coyle by the Executrix of this Estate, Susan Jones. None of these items were removed from this Estate without permission of the Executrix."

On May 9, 2012, Jones filed a document titled "Motion for Turnover Order," which stated it was a "Motion for Turnover of property of the Estate." Jones stated therein that, as executor of the Estate, she was seeking possession of certain Estate property from Coyle "under the authority of Texas Probate Code § 37." The property sought included the car, the small clock, and five jewelry items. Jones contended in part

> Executor fears [Coyle] may damage, sale [sic], or diminish the value of the property during the pendency of this suit because [Coyle] refused to surrender possession of the property when specifically and rightfully requested by Executor to do so. This refusal by [Coyle] is an intentional concealment of the property and therefore jeopardizes the estate's interest in the property.

Jones requested therein that "a Turnover Order issue and that Movant receive all further relief to which Movant may be entitled." Attached to the "Motion for Turnover Order" was an affidavit of Jones in which she testified that on approximately April 14, 2011, Coyle took possession of Estate property, specifically the car and various jewelry items, and has refused to return that property upon request.

Coyle responded by filing an "Objection to Motion for Turnover Order." In that objection, Coyle cited section 31.002 of the Texas Civil Practice and Remedies Code and stated, in part, as follows:

> A turnover order is a procedural device available to a party, through injunction or other means, in order to reach property to obtain satisfaction on a judgment. The purpose of the turnover statute (§31.002, Texas Civil Practice and Remedies Code) is to assist a judgment creditor in reaching certain property of a judgment debt or to obtain satisfaction on a judgment. A turnover order is not applicable to nonjudgment debtors. This is because the turnover statute is purely procedural in nature and does not provide for the determinate [sic] of substantive rights.

. . . .

Jones' Motion must be denied because it fails to comply with the mandatory requirements of the Civil Practice and Remedies Code. To be entitled to relief requiring a party to turnover certain property, the requesting party must have obtained a judgment against the other party. Jones has not obtained a judgment against Coyle. Here, Jones is attempting to bypass the appropriate process for adjudicating legitimate property disputes by using a procedural device reserved *exclusively* for parties who have already obtained a judgment against a debtor.

(emphasis original) (citations omitted).

At the hearing on the "Motion for Turnover Order," Coyle's counsel argued the trial court should dismiss Jones's motion because, pursuant to the authority cited in Coyle's objection, "a turnover order is only available to a judgment creditor." Counsel for Coyle asserted that Jones had not "attained a judgment" and therefore had not "satisfied the basic statutory requirements to even be here today."

Counsel for Jones argued in part

This request is merely for [Coyle] to return the items that belong to the estate to the independent executor. There is an order signed by this court stating that the inventory is approved. There's been no objections to that inventory. So there is an existing order that this Court has signed, stating that the property that we're requesting Karen Coyle return to the executor is properly of the estate. And that is what Rule 37 of the Probate Code seeks to address, a civil matter—a civil way for people to have property of the estate to return it.

Additionally, Jones testified at the hearing, in relevant part, as follows:

Q. And did you prepare and file an inventory of the estate of [Francis] J. Hutchins with this Court?

A. I did.

Q. Was one of those items that was in that inventory a 2008 Chrysler 300?

A. It was.

Q. Was another one of those items one diamond bracelet?

A. Yes.
. . . .

–4–

Q. And the Will provided that the—that these items be divided between the three siblings—the three children of Francis J. Hutchins equally; is that correct?

A. Yes, sir.

. . . .

Q. Okay. Have you requested on more than one occasion for Karen Coyle to return those items to you as the independent executor of the estate?

A. Yes, sir.

Q. Has she refused on all occasions?

A. Yes, sir.

Q. Are you asking this Court for an order to order Karen Coyle to return [the Estate property in her possession] to you by a date certain so that you can comply with the terms of the Will and comply with your responsibilities under the Texas Probate Code?

A. Well, yes, sir.

After the above-referenced "Order Denying Motion for Turnover Order" was signed by the respondent trial judge, the trial court made findings of fact and conclusions of law that included, in part, the following:

## I. Findings of Fact

. . . .

2. Jones filed her Motion for Turnover Order asking the Court to issue an order requiring Coyle to turnover to Jones various items that allegedly belong to the Estate.

3. Coyle denies Jones' allegations and filed an Objection thereto.

4. Jones has not obtained a Judgment against Coyle.

. . . .

6. Jones offered no evidence that she has obtained a Judgment against Coyle, and offered no evidence that she is a judgment creditor and that Coyle is a judgment debtor.

7. This Court heard no evidence concerning the substantive rights of any property.

## II. Conclusions of Law

1. Based on the evidence and testimony presented, the Court has concluded that Jones has not obtained a Judgment against Coyle.

2. This Court concludes that a turnover order is a procedural device available to a party in order to reach property to obtain satisfaction on a judgment and does not provide for the determination of substantive rights of property.

3. This Court further concludes that a turnover order is not available in this Cause because there is no judgment against Coyle.

This mandamus proceeding followed.

## II. APPROPRIATENESS OF MANDAMUS RELIEF

### *A. Applicable Law*

Mandamus will issue if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010) (orig. proceeding); *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *In re Tex. Am. Express, Inc.*, 190 S.W.3d 720, 723 (Tex. App.—Dallas 2005, orig. proceeding). Whether an appellate remedy is adequate depends heavily on the circumstances presented. *In re Prudential*, 148 S.W.3d at 136–37; *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 468 (Tex. 2008) (orig. proceeding). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding); *see also In re Gulf Exploration*, 289 S.W.3d 836, 842 (Tex. 2009) (orig. proceeding) ("There is no definitive list of when an appeal will be 'adequate,' as it depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding."). An appellate remedy is not inadequate merely because it may involve more expense or delay. *See In re Prudential*, 148 S.W.3d at 136.

## B. Analysis

### 1. Abuse of Discretion

Jones contends the trial court abused its discretion by committing the following errors of law: (1) "treating the motion as brought solely pursuant to Section 31.002 of the Civil Practice and Remedies Code," rather than "looking at the substance of the relief requested" and (2) "determining that the motion depended upon a determination of substantive rights as to ownership of the property when the Executrix's right to possession of the property under Probate Code Section[] 37 was absolute." We address these contentions together.

Section 37 of the Texas Probate Code, titled "Passage of Title Upon Intestacy and Under a Will," provides in relevant part

> When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will . . . shall vest immediately in the devisees or legatees of such estate . . . subject, however, to the payment of the debts of the testator or intestate, except such as is exempted by law, and subject to the payment of court-ordered child support payments that are delinquent on the date of the person's death; . . . but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with the law.

TEX. PROB. CODE ANN. § 37 (West 2003).

Section 31.002 of the Texas Civil Practice and Remedies Code is titled "Collection of Judgment Through Court Proceeding." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2008). Under that statute, "[a] judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that: (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." *Id.* § 31.002(a). Pursuant to section 31.002,

the court may (1) order the judgment debtor to "turn over" nonexempt property that is in the debtor's possession or is subject to the debtor's control to a designated sheriff or constable for execution; (2) otherwise apply the property to the satisfaction of the judgment; or (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. *Id.* § 31.002(b). Further, the statute provides "[a] court may enter or enforce an order under this section that requires the turnover of nonexempt property without identifying in the order the specific property subject to turnover." *Id.* § 31.002(h).

Jones asserts "[t]he Motion for Turnover Order expressly cited Section 37 and described the relief requested, which clearly was not, and was never intended to be, a request for a statutory turnover under the Section 31.002." According to Jones, "the use of the term 'turnover order' is not exclusive to a statutory turnover proceeding under Section 31.002." Further, Jones argues, her argument and testimony at the hearing "explicitly referred to the Executrix's Probate Code Section 37 rights and that the Executrix was merely requesting an order for delivery of the property to the court-appointed Independent Executrix."

Coyle asserts "Jones never once argued that the Turnover Motion need not comply with Section 31.002, even after Coyle's attorney devoted his opening argument exclusively to the fact that Jones did not comply with the statutory and procedural requirements under Section 31.002." Further, Coyle contends that even if the trial court improperly treated Jones's motion as a request for a statutory turnover order, "the judgment must be upheld because [the trial court] reached the correct result."

"[W]e look to the substance of a motion to determine the relief sought, not merely to its title." *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *accord State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *see Johnson v. State Farm Lloyds*, 204 S.W.3d

–8–

897, 899 n.1 (Tex. App.—Dallas 2006), *aff'd*, 290 S.W.3d 886 (Tex. 2009) (construing motion titled "Motion to Compel Appraisal" as motion for summary judgment because movant stated in motion that she was seeking summary judgment); *see also* TEX. R. CIV. P. 71 (stating that when party has mistakenly designated any pleading, court shall treat it as if it had been properly designated if justice so requires). Further, an appellate court "must uphold a correct lower court judgment on any legal theory before it, even if the court gives an incorrect reason for its judgment." *Guaranty Cnty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986); *Victoria Gardens of Frisco v. Walrath*, 257 S.W.3d 284, 290 (Tex. App.—Dallas 2008, pet. denied). A trial court "cannot abuse its discretion if it reaches the right result." *Luxenberg v. Marshall*, 835 S.W.2d 136, 142 (Tex. App.—Dallas 1992, orig. proceeding); *accord In re O'Quinn*, 355 S.W.3d 857, 862 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding).

The title of the motion in question sought "turnover" relief and, in a broad sense, the motion could include a request for "turnover" pursuant to section 31.002 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(h) (referring to "turnover" of property); *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 113 (Tex. 2009) (stating that section 31.002 is "commonly referred to as the 'turnover statute'"). However, looking to the substance of the "Motion for Turnover Order," we conclude the motion was a specific request for relief pursuant to section 37 of the probate code and sought turnover of possession of the property listed in the motion in connection with the pending administration of the Estate. *See Surgitek*, 997 S.W.2d at 601; *Heard*, 603 S.W.2d at 833; *Johnson*, 204 S.W.3d at 899; *see also* TEX. PROB. CODE ANN. § 37. Further, we conclude the record shows the trial court improperly determined section 31.002 to be the sole ground for the motion and denied the motion based on Jones's failure to meet the requirements of that statute.

Next, we address Coyle's contention that, regardless of that error, the trial court "reached the correct result." Coyle asserts in her response in this Court that "shortly" after Hutchins's death and "prior to the probate administration," Jones, Smith, and Coyle, the only devisees of Hutchins's will, "orally agreed to distribute a substantial portion of her personal property in a manner different from her Will." Coyle contends the property on the inventory list she filed in the trial court was "permanently distributed" to her by a "Family Agreement of 100 percent of the Decedent's heirs and devisees," which, according to Coyle, constituted a "family settlement agreement." Therefore, Coyle argues, "legal title" to that property passed to Coyle before Jones sought recovery of such property and "Jones was divested of any right of possession." Further, Coyle contends that "[w]hile Section 37 may create a mechanism for the Court to enforce the Executor's right to possess property clearly owned by the Estate, the Court cannot improperly apply that law to disputed facts, and by refusing to do so, the Court did not abuse it[s] discretion."[3]

Additionally, Coyle asserts Jones failed to employ the proper "mechanism" for recovering the property in Coyle's possession. Coyle contends "where an estate's interest in property is disputed, the title must be cleared through a proceeding ancillary to the base probate administration cause before a probate court is obligated to order a beneficiary to turnover property the title to which has been deemed to belong to the estate." Coyle contends a "lawsuit" pursuant to section 233A of

---

[3] Attached to Coyle's response in this Court is a September 21, 2012 affidavit by her that she cites in support of her argument that a family settlement agreement existed. In that affidavit, Coyle describes an alleged agreement by her, Jones, and Smith as to distribution of Hutchins's property. However, Coyle does not describe or mention any agreement not to probate Hutchins's will. *See In re Estate of Halbert*, 172 S.W.3d 194, 200 n.11 (Tex. App.—Texarkana 2005, pet. denied) ("A valid family settlement agreement must contain both an agreement not to probate a will *and* an agreed plan of distribution to replace the plan set forth in the will.") (emphasis original) (citing *In re Estate of Morris*, 577 S.W.2d 748, 756 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e.)). Jones filed a September 25, 2012 motion to strike from Coyle's response "material that is not in the trial court's record nor presented to the trial court and references thereto or based thereupon." By separate order, this Court granted Jones's September 25, 2012 motion to strike to the extent the motion sought to exclude "material that is not in the trial court's record nor presented to the trial court." *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (affidavits outside record cannot be considered by appellate court for any purpose other than determining its own jurisdiction); *accord In re Cortez*, 143 S.W.3d 265, 268 n.6 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Garcia*, No. 05-04-00010-CV, 2004 WL 52080, at *1 (Tex. App.—Dallas Jan. 13, 2004, orig. proceeding) (mem. op.) ("The Court may not consider evidence not presented to the decision maker prior to her decision on review with this Court.") (citing *Sabine Offshore*, 595 S.W.2d at 841). Jones's September 25, 2012 motion to strike was in all other respects denied.

the probate code is the proper "mechanism" for seeking recovery of the property in Coyle's possession, and Jones has not filed such a lawsuit. According to Coyle, "[g]iven Jones's authority to seek a judgment declaring the substantive rights to the disputed [p]roperty, the [trial court] does not abuse its discretion in refusing to act pursuant to Section 37 in favor of adjudicating the contested issues under Section 233A."[4] Further, in support of her assertion that an "ancillary" action is required in this case, Coyle cites an administrative order of the Presiding Statutory Probate Court Judge. *See* Statutory Probate Courts of Tex., *Instructions for Filing Probate and Guardianship Proceedings, Related Matters, and Ancillary Proceedings*, Administrative Order 2006-14 (Oct. 23, 2006).

First, we address Coyle's argument as to the proper "mechanism" for seeking recovery of the property in her possession. On its face, administrative order 2006-14 provides direction to probate court clerks respecting file management procedures. *See id.* Specifically, that order instructs probate clerks that actions which are "ancillary" to a "principal" probate file should be "placed in a new file," linked to the "principal file," and given a new cause number. *See id.* Coyle does not explain, and the record does not show, how administrative order 2006-14 imposes obligations on persons other than probate clerks. *See id.*

Section 233A of the probate code, titled "Suits by Executors or Administrators," states

Suits for the recovery of personal property, debts, or damages and suits for title or possession of lands or for any right attached to or growing out of the same or for injury or damage done thereto may be instituted by executors or administrators appointed in this state; and judgment in such cases shall be conclusive, but may be set aside by any person interested for fraud or collusion on the part of such executor or administrator.

---

[4] Coyle states in her response in this Court that she does not disagree that (1) Jones "can seek relief under Section 37 to enforce her right of possession of estate property" and (2) "a separate lawsuit may be unnecessary to enforce Jones' rights under Section 37 if the title to the property at issue is undisputed."

Tex. Prob. Code Ann. § 233A.

Jones argues "no separate, independent suit with a different cause number was required." According to Jones, "Section 37 is enforceable by an order to deliver the property." In support of that position, Jones cites two cases, *Bloom v. Bear*, 706 S.W.2d 146, 147–48 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding), and *Atlantic Insurance Co. v. Fulfs*, 417 S.W.2d 302, 305 (Tex. Civ. App.—Fort Worth 1967, writ ref'd n.r.e.). Additionally, Jones asserts that if section 233A is the necessary "mechanism" for "executing" section 37, the motion at issue "constituted a proper pleading and 'suit'" and therefore satisfied the requirements of section 233A.

In *Bloom*, a husband and wife died simultaneously in a helicopter crash. *See* 706 S.W.2d at 147. The wife's will left her property to the children of her first marriage in the event her husband did not survive her. *Id.* The husband's will left his estate to his mother, Mary Lieberman, if his wife did not survive him. *Id.* Lieberman was in possession of numerous items that had belonged to the decedents at the time of death. *Id.* Relators, the executors of the estates of the husband and wife, attempted to have Lieberman deliver the property in her possession to them. *Id.* Lieberman filed an inventory list of the property held by her, but refused to deliver the property to relators because she claimed "possession by virtue of a lien lawfully executed on the subject property to secure payment of storage fees." *Id.* Lieberman asserted that until the issue of the lien was resolved by the trial court, "'an order effecting the right of possession of the property' cannot be rendered." *Id.* Relators filed a mandamus proceeding in the Fourteenth Court of Appeals in Houston in which they requested that the probate court judge be directed to sign an order commanding the delivery of the property in dispute to them. *Id.* The court of appeals conditionally granted the writ of mandamus. *Id.* The court of appeals stated in part

> Section 37 of the Probate Code provides that the executor " shall have the right to possession of the estate as it existed at the death of the testator . . . ; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with the law." Tex. Prob. Code Ann. § 37 (Vernon Supp.1986). Construing this, along with Sections 232 and 233 of the Probate Code, the Fort Worth Court of Civil Appeals stated in *Atlantic Insurance Company v. Fulfs*, 417 S.W.2d 302 (Tex. Civ. App.—Fort Worth 1967, writ ref'd n.r.e.) that the executor not only has the right to possession but has the duty to acquire such possession. This right of possession and control is not limited by the fact that there are no debts, and it is immaterial that an heir or devisee has possession of the property, because such possession is subject to the executor's right of possession and his right under such circumstances is enforceable by court order. *Atlantic Insurance Company*, 417 S.W.2d at 305. We agree with this interpretation of the statutes. Counsel for Mary Lieberman cites no authority and our research reveals none in support of her claim that she is entitled to maintain possession of the property until the validity of her claim is settled.

*Id.* at 147–48.

Based on *Bloom* and *Atlantic Insurance Co.*, we conclude a separate "lawsuit" pursuant to section 233A was not a required "mechanism" for seeking recovery of the property in Coyle's possession. *See Bloom*, 706 S.W.2d at 147–48; *Atl. Ins. Co.*, 417 S.W.2d at 305. Further, in the "Motion for Turnover Order," Jones clearly stated that she sought to recover the property listed in the motion as executor of the Estate. Therefore, Jones's motion sought the relief contemplated by section 233A. *See Surgitek*, 997 S.W.2d at 601; *Heard*, 603 S.W.2d at 833; *Johnson*, 204 S.W.3d at 899; TEX. R. CIV. P. 71; *see also* TEX. PROB. CODE ANN. § 233A.

Second, we consider Coyle's argument respecting a family settlement agreement. Even assuming without deciding that a valid family settlement agreement existed in this case,[5] we cannot agree with Coyle that such agreement precluded Jones's section 37 right to possession of the property in Coyle's possession. Coyle contends "upon distribution of the Decedent's assets pursuant

---

[5] It is Coyle's burden to contest the probating of the will premised upon a family settlement agreement. *See In re Estate of Morris*, 577 S.W.2d at 757. The record does not show Coyle made any objection respecting the admission of the will to probate or the issuance of letters testamentary to Jones. *See In re Estate of Halbert*, 172 S.W.3d at 200 n.11. Further, there is no evidence in the record before the probate court as to an agreement not to probate Hutchins's will or as to "an agreed plan of distribution to replace the plan set forth in the will." *See id.*

-13-

to the Family Agreement, the subsequently-appointed Executrix never had a right to control the items distributed to Coyle and Smith." According to Coyle, "while Section 37 may provide a general rule, it can be superceded by the agreement of the family members." Additionally, Coyle argues "it is impossible to apply Section 37 without a determination that the property over which the executor seeks to recover possession is, in fact, property of the estate" and Jones "has not established she has legal title to the property."

In support of her position that the alleged family settlement agreement "superceded" section 37, Coyle cites *Anderson v. Huie*, 266 S.W.2d 410, 412 (Tex. Civ. App.—Dallas 1954, no writ). Specifically, she quotes the court's statement in that case that "[w]hen an independent executor distributes an estate to heirs or devisees, he loses all control over it and cannot thereafter administer it." *Id.* However, *Anderson* did not involve a family settlement agreement, but rather distributions by an independent executor in the course of administration of an estate. *See id.* According to Coyle, the case before us involves property "distributed" prior to the admission of Hutchins's will to probate and prior to the appointment of an independent executor. Thus, *Anderson* is distinguishable on its facts. *See id.* Coyle cites no case, and we have found none, in which a court has concluded that section 37 is "superceded" when devisees enter into a family settlement agreement and a probate court later admits the decedent's will to probate and issues letters testamentary.

Further, section 37 provides that an executor has "the right to possession of the estate *as it existed at the death of the testator or intestate.*" TEX. PROB. CODE ANN. § 37 (emphasis added). That section is not limited to property as to which rights are undisputed at the time possession is sought. *See Bloom*, 706 S.W.2d at 147–48 (concluding devisee was not "entitled to maintain possession of the property until the validity of her claim is settled"). Coyle argues *Bloom* is distinguishable because that case did not involve a family settlement agreement and "at the time that

—14—

the Court [in *Bloom*] would have entered the Order compelling the turnover of the property, there was no dispute that the property actually belonged to the Estate." However, Coyle does not explain, and the record does not show, how the property rights asserted pursuant to the family settlement agreement alleged in this case are outside the scope of the reasoning of *Bloom*. *See id.*

The record shows the parties do not dispute that Jones was issued letters testamentary. Therefore, pursuant to section 37, Jones had "the right to possession of the estate *as it existed at the death of the testator or intestate*" and was required to "recover possession of and hold such estate in trust to be disposed of in accordance with the law." TEX. PROB. CODE ANN. § 37 (emphasis added). The record shows Jones filed an inventory of Estate property that included the property she now seeks to recover from Coyle and such inventory was approved by the probate court without objection. Although Coyle claims rights in the property in question, she does not contend, and the record does not show, that the property sought in the "Motion for Turnover Order" was not part of the Estate as it existed at Hutchins's death. Consequently, on this record, we conclude Jones was entitled under section 37 to recover possession of the property listed in the "Motion for Turnover Order." *See id.*; *Bloom*, 706 S.W.2d at 147–48. The validity of any claims of Coyle to the property must be determined by the probate court after relator regains possession of the property in question. *See* TEX. PROB. CODE ANN. § 37; *Bloom*, 706 S.W.2d at 147–48.

Accordingly, on this record, we conclude the trial court abused its discretion by (1) determining that the "Motion for Turnover Order" was solely a motion for relief under section 31.002 and denying that motion based on Jones's failure to meet the requirements of that statute and (2) not ordering Coyle to deliver to Jones all property in her possession that was requested in the "Motion for Turnover Order."

–15–

## 2. Adequate Remedy by Appeal

Next, we address Jones's assertion that appeal is not an adequate remedy because "the order complained of is not an appealable order." Coyle responds (1) Jones has "an adequate remedy by ordinary appeal" because the order complained of "does not preclude Jones from seeking the other legal remedies provided under the Probate Code for an executor wishing to recover property they believe is owned by the estate" and (2) Jones's assertion that mandamus must issue so that she can distribute the estate is "disingenuous."

Generally, appeals may be taken only from final judgments. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (citing *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)); *In re Guardianship of Miller*, 299 S.W.3d 179, 183 (Tex. App.—Dallas 2009, no pet.). Further, except when "specifically provided by law," there may be but "one final judgment" rendered in any cause. TEX. R. CIV. P. 301. However, "[p]robate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala*, 193 S.W.3d at 578; *Lehmann*, 39 S.W.3d at 192. The supreme court has adopted the following test for probate appeals:

> If there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995); *see De Ayala*, 193 S.W.3d at 578.

Coyle cites no authority in support of her assertions respecting Jones's "other legal remedies provided under the Probate Code" or the alleged "disingenuous" argument of Jones. *See* TEX. R. APP. P. 52.4, 52.3(h). Further, at least one court has concluded that mandamus is a proper remedy respecting an independent executor's unsuccessful attempt to recover property pursuant to the

provisions of the probate code. *See Bloom*, 706 S.W.2d at 147. On this record, we conclude Jones lacks an adequate remedy on appeal. *See id.; see also Crowson*, 897 S.W.2d at 783.

## III. CONCLUSION

On this record, we conclude Jones has shown the trial court abused its discretion by (1) determining that the "Motion for Turnover Order" was solely a motion for relief under section 31.002 and denying that motion based on Jones's failure to meet the requirements of that statute and (2) not ordering Coyle to deliver to Jones all property in her possession that was requested in the "Motion for Turnover Order." Further, we conclude Jones has shown she has no adequate remedy by appeal as to the trial court's abuse of discretion. Consequently, we conditionally grant Jones's petition for writ of mandamus. A writ will issue only in the event the trial court fails to (1) vacate its June 5, 2012 "Order Denying Motion for Turnover Order" and (2) render an order requiring Coyle to deliver to Jones all property in her possession that was requested in the "Motion for Turnover Order."

DOUGLAS S. LANG
JUSTICE

121098F.P05

-17-