**Conditionally Grant and Opinion Filed June 7, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-16-00081-CV**

**IN RE SUSAN E. JONES, INDEPENDENT EXECUTRIX ESTATE OF FRANCES J. HUTCHINS, DECEASED, Relator**

**Original Proceeding from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. PR-12-00182-3**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Whitehill

Relator Susan Jones won a jury trial in this probate matter. After rendering judgment in Jones's favor, however, the trial court granted her opponent's motion for new trial, stating that (i) the evidence was insufficient to support the jury's findings, and (ii) Jones introduced legally insufficient evidence of certain specific facts essential to her recovery.

Jones filed a petition for writ of mandamus, arguing that we should direct the trial court to vacate its new trial order because neither reason is a specific and legally appropriate basis for a new trial. We agree and therefore conditionally grant mandamus relief.

# I. BACKGROUND

Jones is the independent executrix of the estate of her mother, Frances J. Hutchins, who died in April 2011. The real party in interest is Karen Coyle, Jones's sister. Jones and Coyle have been involved in probate litigation for several years.[1]

Jones sued Coyle, claiming that Coyle took about $197,000 that belonged to Frances Hutchins's estate. The parties' live pleadings are not in our mandamus record, so we rely on the parties' briefs to flesh out their contentions below. We also rely on the reporter's record of the trial and the trial court's fact findings that support its order granting a new trial.[2]

In September 1997, Frances Hutchins and her husband Stuart jointly executed a revocable living trust agreement. Frances and Stuart were the trust's co-trustees.

The trust agreement provided that, upon the death of one trustee, the surviving trustee would divide the trust estate into two separate trusts, designated "Survivor's Trust 'A'" and "Decedent's Trust 'B.'" Decedent's Trust "B" was to be irrevocable upon its creation. The surviving trustee was to be the trustee of both new trusts.

The agreement further named Coyle as first successor trustee upon the death or incapacity of the surviving spouse.

The parties agree that Stuart died in September 2001.

According to Coyle, after Stuart's death Frances should have, but did not, set up the two new trusts specified by the joint trust agreement. She further contends that: (i) some or all of the $197,000 in question should have gone into Decedent's Trust "B" and (ii) Frances instead

---

[1] They have been before us before. *See, e.g.*, *In re Estate of Hutchins*, 391 S.W.3d 578 (Tex. App.—Dallas 2012, orig. proceeding); *In re Estate of Hutchins*, No. 05-12-01163-CV, 2012 WL 5503530 (Tex. App.—Dallas Nov. 13, 2012, no pet.) (mem. op.).

[2] Coyle argues that we should deny Jones's petition because Jones has not furnished us with a complete copy of the relevant record. We conclude that the record is adequate for us to review the new trial order's facial sufficiency.

continued to administer the joint trust as trustee until April 9, 2010, when she executed a document purporting to revoke the joint trust agreement and transfer all trust assets to herself.

The jury charge indicates that Jones's theory of the case was that Frances's April 9, 2010 revocation of the joint trust was valid, and thus the assets that Coyle claimed to be administering as successor trustee really belonged to Frances before her death and to Frances's estate afterward.

The jury charge had two questions. The first question was, "Do you find that on April 9, 2010, Frances J. Hutchins revoked the Trust Agreement?" The jury answered that question "yes." The second question was conditioned on a "yes" answer to the first question and asked, "What amount of money, if any, does Karen Coyle owe Susan E. Jones, as Independent Executor of the Estate of Frances J. Hutchins?" The jury answered that question "$197,034.62."

Based on the verdict, the trial judge signed a final judgment in Jones's favor.

Coyle, however, filed a combined motion for judgment notwithstanding the verdict, motion to disregard jury findings, and motion for new trial.

The trial judge denied the JNOV motion but granted a new trial. The resulting order gave the following explanation: "[T]he Court will conduct a new trial in this case because there is insufficient evidence to support the jury's findings that Frances Hutchins revoked the Stuart Hutchins and Frances J. Hutchins Revocable Living Trust and to support the jury's calculation of damages."

Jones thereafter requested findings of fact and conclusions of law. She later filed a notice of past due findings of fact and conclusions of law. About seven weeks later, she filed her petition for mandamus in this Court.

Eight days after Jones filed her mandamus petition, the trial judge signed findings of fact and conclusions of law, which appear in Coyle's mandamus appendix. The last two conclusions of law state additional reasons for granting a new trial:

> 2.14 A new trial in these proceedings is necessary to allow the parties an opportunity to submit evidence regarding: (i) whether Frances established the Derivative Trusts as required by the Joint Trust Agreement; (ii) what assets were used to fund each Derivative Trust; (iii) what assets Frances managed as part of the Decedent's Trust "B"; and (iv) whether those are the assets which Karen continued to manage until March 4, 2015, when Karen terminated the Decedent's Trust "B" pursuant to Section 1.07 of the Joint Trust Agreement as incorporated into the Decedent's Trust "B" Trust Agreement.

> 2.15 The failure to grant a new trial will result in the rendition of a take nothing judgment because Susan did not introduce evidence which allowed the jury to resolve the ultimate question of damages in this case. The Jury did not receive any evidence which enabled them to determine whether the property and money Karen administered belonged to the Survivor's Trust "A" or the Decedent's Trust "B", and ultimately whether these funds belonged to Frances' estate or the beneficiaries of the Decedent's Trust "B". These matters are fundamental to the calculation of damages in this case, and good cause exists to grant a new trial in these proceedings.

## II. ANALYSIS

### A, Applicable Law.

A trial court's order granting a new trial after a jury trial is subject to mandamus review. *In re Zimmer, Inc.*, 451 S.W.3d 893, 898 (Tex. App.—Dallas 2014, orig. proceeding).

A new trial order must satisfy two "facial requirements." *In re Bent*, No. 14-1006, 2016 WL 1267580, at *1 (Tex. Apr. 1, 2016) (orig. proceeding). One, the order must state a legally appropriate reason for the new trial. *Id.* Two, the stated reason must be specific enough to indicate that the trial court did not simply parrot a pro forma template but rather derived the articulated reasons from the case's particular facts and circumstances. *Id.* The order must satisfy both requirements, or it is an abuse of discretion correctable by mandamus. *See In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding).

Even if a new trial order is sufficient on its face, a relator can show an abuse of discretion and an entitlement to mandamus relief if after a merits review the record does not support the trial court's rationale for ordering a new trial. *Bent*, 2016 WL 1267580, at *1; *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 749 (Tex. 2013) (orig. proceeding).

**B.     Was the trial court's reason for ordering a new trial both sufficiently specific and legally appropriate?**

We agree with relator that the trial court did not give a facially sufficient reason for the new trial order.

### 1.     The reason stated in the new trial order is not sufficiently specific.

First, we consider the reason stated in the new trial order itself. The trial court stated that it was granting a new trial because "there is insufficient evidence" to support both of the jury's findings. The order gave no further explanation.

This reason is not specific enough. As the supreme court said in *United Scaffolding*, "[u]sually, the mere recitation of a legal standard, such as a statement that a finding is against the great weight and preponderance of the evidence, will not suffice." 377 S.W.3d at 689. Although the trial court need not provide a "detailed catalog of the evidence," it must give "a cogent and reasonably specific explanation of the reasoning that led the court to conclude that a new trial was warranted." *Id*. at 688. That is, "[t]he order must indicate that the trial judge considered the specific facts and circumstances of the case at hand and explain how the evidence (or lack of evidence) undermines the jury's findings." *Id*. at 689. Accordingly, a trial court's bare recitation that the jury's findings were supported by insufficient evidence does not satisfy the *United Scaffolding* test. *See In re Adkins*, No. 13-14-00484-CV, 2014 WL 5026051, at *5 (Tex. App.— Corpus Christi Oct. 8, 2014, orig. proceeding) (concluding that similar reasons in support of new trial order were not sufficiently specific).

**2. The reason stated in the findings of fact is not legally appropriate.**

Second, assuming without deciding that we can also consider the trial court's later-signed findings of fact and conclusions of law in our analysis, we conclude that those findings and conclusions do not state a facially sufficient reason for the granting of a new trial.

The relevant conclusions of law, 2.14 and 2.15, are quoted above. Read together, those conclusions reflect the trial court's reasoning that a new trial was warranted because Jones introduced no evidence of certain specific facts essential to her recovery. The court concluded that it had to grant a new trial to avoid granting Coyle a judgment notwithstanding the verdict.

Although this reason is specific, it is not a legally appropriate reason for ordering a new trial after a jury trial. The defendant's remedy when a claimant has introduced legally insufficient evidence of an essential element of its claim is generally a take-nothing judgment. *See Nat'l Life & Accident Ins. Co. v. Blagg*, 438 S.W.2d 905, 909 (Tex. 1969); *Marshall v. Kusch*, 84 S.W.3d 781, 787 (Tex. App.—Dallas 2002, pet. denied); *see also* Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362 (1960) ("'No evidence' points of error are inherently and fundamentally points which call for reversal of a trial court's judgment and rendition of judgment for the appellant."). As we said in *Zimmer*, "[p]arties who fail to meet their burden of proof are not entitled to repeated attempts to meet their burden." 451 S.W.3d at 909.

There may be an exception to this rule when the defendant preserves its no evidence argument solely in a new trial motion. *See Werner v. Colwell*, 909 S.W.2d 866, 870 n.1 (Tex. 1995) (no evidence point resulted in remand because defendant did not request rendition in the trial court). But that exception would not apply here. Coyle's postjudgment motion argued first that Coyle was entitled to rendition because Jones had adduced no evidence to support the jury's findings and alternatively that Coyle was entitled to a new trial because the evidence was

–6–

factually insufficient.  Thus, this is not a situation in which the trial court could order a new trial based on legally insufficient evidence.  *See Zimmer*, 451 S.W.3d at 909.

### III. CONCLUSION

The trial court clearly abused its discretion by granting a new trial based on one reason that was not sufficiently specific and a second reason that was not legally appropriate.  We conditionally grant Jones's petition for writ of mandamus.  A writ will issue only in the event the trial court fails to vacate its October 30, 2015 order granting a new trial.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

160081F.P05